## BOARD OF COM'RS OF GRADY COUNTY et al. v. HAMMERLY.

No. 11736—Opinion Filed Oct. 18, 1921.

Rehearing Denied Feb. 14, 1922.

(Syllabus.)

**Taxation—Statute Conferring Jurisdiction on Courts for Liquidation of Delinquent Taxes—Constitutionality.**

The act of the Legislature approved April 5, 1919 (chapter 200, Session Laws 1919, pages 286 and 287), entitled: "An act providing for the liquidation of back taxes and assessments, conferring jurisdiction on district courts; providing for sale of property in full settlement of back taxes (sic) and assessments and providing for distribution of same and declaring an emergency," and conferring upon the district and superior courts of this state jurisdiction to determine and adjudicate the amount of delinquent ad valorem taxes and penalties due the state, county, city, town, township, school district, or other municipal subdivision and the amount of any special assessments upon any tract, body, piece, or parcel of real estate or any lot, or part of lot in any incorporated city or town having a population of 3,500 or more, in any action by any owner or part owner, trustee, mortgagee, lienholder, or holder of any bond or bonds issued for any public improvement in a district wherein such property is situated in any such city, and to decree that such property be sold by the sheriff as a sale of real property under execution and that the proceeds of such sale be distributed as the interest of the parties to the title may appear, under the following sections of the Constitution:

Section 59, art. 5:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

Section 20, art. 10:

"The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes."

Section 14, art. 10:

"Taxes shall be levied and collected by general laws, and for public purposes only, * * *"

Section 7, art. 10:

"The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, homesteads included, without regard to a cash valuation."

Held:

(A) Under section 59, art. 5, of the Constitution, supra, it is beyond the power of the Legislature to pass any special law where a general law can be enacted.

(B) Under section 20, art. 10, of the Constitution, supra, taxes cannot be levied or collected except by general law and for public purposes only, and the Legislature has no power to impose taxes for the purpose of any county, city, town, or other municipal corporation, but the levying, assessing, and collection of such taxes must be done by the proper authorities of such counties, cities, towns, or other municipalities, respectively, under a general law of the state under authority delegated to the proper authorities of the respective counties and municipalities.

(C) Under section 14, art. 10, of the Constitution, supra, taxes may be levied and collected by general laws for public purposes only, and the Legislature is without power to authorize the collection of the same for any other purpose, such as the liquidation of liens for the purpose only of quieting title to real estate.

(D) Under section 7, art. 10, of the Constitution, supra, the Legislature is vested with power by general law to authorize county and municipal corporations to levy and collect assessments upon property for the purpose of making local improvements benefited thereby, but it is beyond the power of the Legislature to take such power away from the officers of such county or municipal corporations in levying and collecting such assessments and confer the same upon the judiciary and other officers other than upon the proper officers of county and municipal corporations as provided by general law.

(E) Chapter 200, Session Laws of 1919, being in contravention of the above-named sections of the Constitution, supra, is void.

Error from District Court, Grady County; Will Lynn, Judge.

Action by Harry Hammerly against the Board of Commissioners of Grady County, the City of Chickasha, and unknown holders of improvement bonds, including A. V. Foster, to liquidate delinquent taxes on real estate. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

W. M. Stacy, Co. Atty., H. L. Grigsby, City Atty., and M. D. Libby, for plaintiffs in error.

Frank M. Bailey, counsel, and Harry Hammerly, pro se, for defendant in error.

B. B. Blakeney and Hubert Ambrister, amici curiae.

KENNAMER, J. This case presents error from the district court of Grady county. For convenience, the parties will be designated herein as they appeared in the trial court. The questions involved necessitate setting forth plaintiff's petition and statute involved in toto.

Plaintiff, by his petition, alleges:

"That he is a resident of Grady county, Oklahoma, and is the owner of and in possession of all the lots numbered eleven and twelve, in block number fifty-one, in the city of Chickasha, in Grady county, Oklahoma.

"That heretofore on the 9th day of May, 1910, the defendant, the city of Chickasha, herein passed an ordinance numbered 427 whereby it levied certain assessments against the aforesaid lots, for the purpose of paying a portion of the costs of paving Chickasha avenue, in said city; said avenue being located in what was designated and known as improvement district West Chickasha avenue of the city of Chickasha.

"That pursuant of such ordinance, an assessment matured and became due on the first day of September, 1912, in the sum of fifty-two dollars and sixty-eight cents ($52. 68), and on the first day of September, 1913, in the sum of fifty dollars and thirty-one cents ($50.31) and on the first day of September, 1914, in the sum of forty-seven dollars and ninety-six cents ($47.96) and on the first day of September, 1915, in the sum of forty-five dollars and sixty cents $45.60), and on the first day of September, 1916, in the sum of forty-three dollars and twenty-three cents ($43.23), and on the first day of September, 1917, in the sum of forty dollars and eighty-seven cents ($40.87), and on the first day of September, 1918, in the sum of forty dollars and fifty-four ($40.54) ; that each and all of said sums became due and delinquent on the first day of September, after the maturity of such assessment, and each has since said time been bearing penalty at the rate of eighteen per cent. per annum, and that all of said assessments and penalties thereon, for each and all of the seven years as hereinbefore described and alleged, is now due, delinquent, and unpaid,

in the total sum of $556.37, for principal and penalty.

"That the total amount of assessments levied against said lots together with penalties thereon under ordinance No. 427, of the city of Chickasha up to and including the first day of September, A. D. 1920, amounts to the sum of $663.78.

"That the total amount of special assessments levied, assessed, matured and unpaid against said lots under ordinance No. 383 of the city of Chickasha up to and including the 1st day of September, A. D. 1920, amounts to the sum of $84.12.

"That the total amount of ad valorem taxes assessed, levied, due and unpaid against said lots up to and including the 1st day of September, A. D. 1920, amounts to the sum of $86.36.

"That each and every holder of the bond of bonds issued under said ordinance in payment and satisfaction of the improvement constructed under said ordinance in improvement district West Chickasha avenue in the city of Chickasha, are unknown to him. But plaintiff alleges that he is advised and charges to be true, that Spitzer, Rorick & Company of Toledo, Ohio, are the fiscal agents for the collection of said bonds and interest thereon.

"That on the 21st day of August, 1909, the defendant the city of Chickasha passed its ordinance No. 383, whereby it created and designated improvement district No. 5, for the purpose of improving certain streets therein by grading the same. And that a portion of Chickasha avenue where the hereinbefore mentioned property is situated was and is a part of said improvement district.

"That the said ordinance levied assessments against said lots for such improvements due in each of the years 1912, to 1919, inclusive which together with interest and penalties thereon at this time, amounts to the sum of $38.29, which the plaintiff alleges is long past due and unpaid.

"That each and every holder of the bond or bonds issued by the defendant city of Chickasha to defray the expenses and cost of the improvement in said improvement district No. 5, are unknown to plaintiff herein, but this plaintiff alleges and charges to be true that Spitzer, Rorick & Company of Toledo, Ohio, are the fiscal agents for the collection of said bonds.

"That ad valorem tax for the years 1917 and 1918, amounting to the sum of $51.23 are due and unpaid. That said tax has been assessed for the use and benefit of the state of Oklahoma, the county of Grady, its municipal subdivisions, and the city of Chickasha.

"That each and all of the taxes and special assessments hereinbefore enumerated and alleged, constitute a valid lien upon said premises, and that each and all of said liens are co-equal. And plaintiff alleges that un-

der and by virtue of the terms and provisions of House Bill 265, the Act of the Legislature of 1919, that plaintiff is entitled to have this court adjudicate and determine all taxes, assessments, and penalties, and order said premises sold by the sheriff of Grady county, as a sale of real property under execution. And that from the proceeds of the sale, the costs of this action be paid, and that the remainder be prorated among the lienholders, beneficiaries of the lienholders herein set out.

"That said property is located and situated in the city of Chickasha, a city of the first class, and that said city has now and had at all times mentioned herein, a population far in excess of 3,500.

"Wherefore, premises considered, plaintiff prays that the defendants and each of them be summoned to appear in answer herein, and that on final hearing this court will determine and adjudicate the amount of ad valorem taxes and penalty due upon said property, to the city of Chickasha, school district No. —— or to any other municipal subdivision of said county, and the amount due to the holders of bonds issued to defray expenses of the improvements, in improvement district West Chickasha avenue in the city of Chickasha, and the amount due to the holders of bonds issued to defray the expenses of the improvement in improvement district No. 5, in the city of Chickasha, and that the court further order and adjudicate that said property be sold by the sheriff of said county, as a sale of real property under execution. and that the proceeds of said sale be applied: First, to the satisfaction of the cost herein incurred. Second, that the remainder be prorated co-equally between the lienholders hereinbefore alleged. Third, that the remainder, if any, be paid to the plaintiff herein.

"And that the court further order and decree that the purchaser of said property at said sale take the same free and clear of any district lien or assessment of any kind or nature, maturing and becoming due prior to this date."

To this petition the defendants the board of county commissioners and the city of Chickasha demurred, which demurrer was by the court overruled and exceptions saved.

The defendant A. V. Foster filed motion to quash service of summons upon the ground that the court had not acquired jurisdiction over movant, or his rights in question, by virtue of constructive service of notice by publication, and that said notice by publication as authorized in said act, is not due process of law, and said notice and act in that regard were in contravention of the Fourteenth Amendment to the Constitution of the United States. And further alleges that the notice provided for in said act is

insufficient to constitute reasonable notice or due process of law, and that said act and notice are in contravention of section 7, part 2 of the Constitution of the state of Oklahoma. This motion was by the court overruled and exceptions saved by the defendant Foster. Thereupon the defendant Foster filed demurrer to plaintiff's petition, contending that said act was in violation of certain sections of the Constitution, which demurrer was by the court overruled and exceptions saved. Upon the overruling of said demurrer the defendant Foster filed his answer contending that the act under which the proceedings were brought was in contravention of various sections of the Constitution of the state (same as alleged in demurrer) which answer was joined in by the other defendants, and constitutional objections assigned with the exception of the one set forth in defendant Foster's motion to quash. We will hereinafter state said constitutional question raised by the assignments of error.

To the answer of the defendants, plaintiff filed demurrer, which was sustained by the court and judgment entered as follows:

"Be it remembered, that on the 20th day of September, A. D. 1920, came on for hearing the above styled numbered cause and all the parties thereto being present in open court in person and by their attorneys, there came on for consideration answer of the defendants filed herein.

"The court having been well and sufficiently advised in the premises finds that said demurrer to the answer of said defendants should in all things be sustained and it is so ordered, adjudged and decreed by the court to which action the defendants and each of them severally excepted.

"Thereupon the defendants announced that they would stand on said answer and refuse to plead further.

"The court finds from the admitted allegations of the plaintiff's petition that the said allegations are true and that the plaintiff is entitled to judgment as prayed in said petition.

"The court further finds that on the 1st day of September, 1912, an assessment of $52.68 became due and payable under said ordinance and that thereafter on the first day of September each year for seven additional years the assessment became due and payable, and that each and all of the total eight assessments so enumerated have matured and are now valid and subsisting lien against the said premises and unpaid, and that the total amount due thereon for both assessments and penalties in the sum of $668.78.

"The court further finds that on the 21st day of August, 1909, the city of Chickasha

passed ordinance No. 383 whereby the above described property was assessed for the purpose of paying for certain street improvements in improvement district No. 5, for the purpose of grading and otherwise improving said street and that said assessment created and is now a valid outstanding lien against said property and that the amount of the assessments due thereunder at this time together with penalty due under said assessments is a total sum of both assessments and penalties of $48.12.

"The court further finds that the ad valorem tax levied and assessed against said property above described for the years 1917, 1918, and 1919 are due, unpaid and delinquent and that the total amount of said ad valorem taxes, with penalties for all of the said three years amounts to $86.36, divided as follows:

The State of Oklahoma _____$ 5.98
The County of Grady, Oklahoma _____ 34.66
The City of Chickasha _____ 15.56
Chickasha School District _____ 22.68
Chickasha Township _____ 7.48

"The court further finds that under and by virtue of the statutes of Oklahoma, under which the delinquent said special assessments were levied against the said premises for the purpose of improving the streets adjacent thereto the lien of the assessments for street improvements so levied on said property is co-equal with the assessments levied against said property for ad valorem taxation and concludes that, notwithstanding, a portion of section 4, chapter 200, of the Session Laws of 1919, the delinquent taxes and assessments against said premises are co-equal and that under and by virtue of said chapter 200 of the Session Laws of 1919, the court has jurisdiction to adjudicate and determine the amount of delinquent assessments and taxes against said premises and to order said premises sold to satisfy the same and that the plaintiff is entitled to a decree of this court ordering said premises sold in complete and full satisfaction and liquidation of all delinquent taxes, assessments and penalties of every kind and nature.

"It is further considered and ordered, adjudged and decreed by the court that the amount of special assessments due and unpaid against lots 11 and 12 in block 51 in the city of Chickasha, Grady county, Oklahoma, for paving and acadamizing under ordinance No. 427 be and the same is hereby adjudged to be the sum of $668.78, the amount of assessments due and delinquent under ordinance No. 383, for grading and draining West Chickasha avenue be and the same is hereby adjudged to be the sum of $48.12 and that the total amount of ad valorem taxes for all purposes due and delinquent against said premises be and the same is hereby adjudged to be the sum of $86.36.

"It is further considered, ordered, adjudged and decreed by the court that the clerk

of this court be and she is hereby authorized and directed to issue a special execution and order of sale directed to the sheriff of Grady county, Oklahoma, commanding him to at once, to advertise and sell said premises to the highest bidder for cash at public sale, and that from the proceeds of such sale all costs of this action be first paid, and if the residue be more than all taxes, assessments and penalties that the same be paid in full, and that the residue, if any, be paid to the plaintiff herein; but if the residue, after paying the costs, be less than the aggregate amount of ad valorem taxes, special assessments and penalties, then that he prorate such residue as follows: First. To the county treasurer of Grady county for use of state, county, city of Chickasha, school district and township, 10 3-4 per cent. of such residue. Second. That he pay to the said county treasurer for the use and benefit of bondholder under ordinance No. 427, 83 25-100 per cent. of such residue. Third. That he pay to the said county treasurer for the use and benefit of the bondholders under ordinance No. 383 of the city of Chickasha, 6 per cent. of such residue.

"It is further considered, ordered, adjudged and decreed by the court that the purchaser of said premises at such sale take said premises free and clear of all liens or incumbrances of every kind or nature and that the said ad valorem taxes and installments of special assessments under ordinance No. 427 and 383 of the city of Chickasha together with all penalties thereon maturing or becoming due on or before the 1st day of September, A. D. 1920, be fully and completely released, liquidated, satisfied and discharged and that any lien heretofore existing by reason thereof be and the same is hereby forever canceled, vacated and held for naught.

"To all of the findings and adjudications herein and each of them, the defendants A. V. Foster and the board of county commissioners and the city of Chickasha severally excepted and exceptions allowed.

"Will Linn, District Judge."

The act in question is as follows:

"An Act providing for the liquidation of back taxes and assessments, conferring jurisdiction on district courts; providing for sale of property in full settlement of back taxes (sic) and assessments and providing for distribution of same and declaring an emergency.

"Be in enacted by the people of the State of Oklahoma:

"Section 1. Whenever any tract, body, piece, or parcel of real estate, or any lot or part of lot in any incorporated or other town or city having a population of thirty-five hundred (3,500) or more shall have taxes or special assessments, either one or both, assessed or levied and delinquent for a period of three years or more, such tax and assessments, or either, may be liquidated, satisfied and canceled as hereinafter provided

"Section 2. Any owner, part owner, trustee, mortgagee, lienholder, holder of any bond or bonds issued for any public improvement in a district wherein such property is situated in any county, or city, wherein such property may be located, or any other interested person, firm or corporation, may file suit in the district and superior courts of the county wherein such property is located to have determined and adjudicated all delinquent taxes and special assessments of every nature and kind and to have said property sold to satisfy same.

"Section 3. When any such action shall come on for hearing it shall be the duty of said court to find, determine, and adjudicate separately the amount of delinquent ad valorem taxes and penalties then due the state, county, city or town, township, school district, or other municipal subdivision and the amount of any special assessment with penalties; Provided, if such property shall have been assessed for more than one improvement, then separate findings and adjudication shall be made as to the amounts of delinquent assessments under each improvement.

"Section 4. Said court in its judgment and decree shall further order that said property be sold by the sheriff as a sale of real property under execution, and that the proceeds of such sale after all costs are first paid, be divided pro rata between county, the state, city or town, township, school district or other municipal subdivision, then any remainder to the beneficiary of any special assessment, according to the per cent. that the amount received for such property at sheriff's sale, less costs, and any remainder thereafter arising from such sale shall be distributed as the interests of the parties to the title may appear.

"Section 5. The owner of any such property may become the purchaser thereof at any such sale, provided; that if any person other than the owner thereof at any such sale, shall become the purchaser, the owner and any or all persons claiming by, through or under him since the institution of any such suit, shall be forever precluded from said property or any interest therein.

"Section 6. Jurisdiction is hereby expressly conferred on the district courts to hear and determine actions under the provisions of this act, provided, when suit is filed by any person under this act, suit may be against the county wherein such property is located to determine and adjudicate all delinquent ad valorem taxes and against the municipality levying the special assessment and any or all known or unknown holders of bonds for the payment of which such assessments were originally made to determine and adjudicate the amount or

amounts of any such assessments. In any such action if it appear by the affidavit of the plaintiff that the names and residences of any or all the holders of such bonds are unknown to plaintiff, proceedings may be and (sic) against such unknown holders of such bonds, without naming them. In such actions service may be had upon such defendants by publication, and notice shall be published as in other cases by publication. Provided, that if in any such case a fiscal agent has been appointed for the collection of such bonds, a copy of the petition filed in said action, together with a copy of the notice published, shall be mailed to such fiscal agent within six (6) days after first publication thereof.

"Section 7. The purchaser at any such sale by the sheriff shall acquire title to said property free and clear of any liens or incumbrances of any kind or nature except taxes or assessments becoming due and payable after the institution of such suit.

"Section 8. Nothing herein shall be construed as repealing existing laws relating to sale by county treasurers of property for delinquent taxes, but shall be cumulative thereto.

"Section 9. It being immediately necessary for the preservation of the public peace, health and safety, an emergency is hereby declared to exist, by reason whereof this act shall take effect and be in full force from and after its passage and approval.

"Approved April 5, 1919."

Plaintiffs in error contend by assignments of error that the act in question is in contravention of section 46, and subsections, of article 5 of the Constitution, which provides:

"46. The Legislature shall not, except as otherwise provided in this Constitution, pass any special or local law authorizing:

"46-a The creation, extension, or impairment of liens;

"46-b. Regulating the affairs of counties, cities, towns; * * *

"46-m. Creating officers, or prescribing the powers and duties of officers in counties, cities, towns, election or school districts; * * *

"46-o. Regulating the practice or jurisdiction of * * * the courts * * * or providing or changing the methods for the collection of debts, or the enforcement of judgments or prescribing the effect of judicial sales of real estate; * * *

"46-w. Extending the time for the collection or assessment of taxes, or otherwise relieving any assessor or collector of taxes from due performance of his official duties, or his securities from liability"

—for that said act authorizes the impairment of liens; regulates the affairs of courts and cities; prescribes the duties of officers in counties and cities by taking away from them certain of their powers and duties prescribed by general law; regulates the jurisdiction of the courts; provides for and changes the methods for the collection of tax debts; prescribes the effect of judicial sales of real estate and relieves collectors of taxes from the due performance of certain of their duties under general law.

That said act is in contravention of article 5, sec. 59, of the Constitution, which provides:

"Laws of a general nature shall have uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted"

—in that said act of the Legislature is a special law limited in its operation to delinquent taxes or special assessments levied against real estate in incorporated or other towns or cities having a population of 3,500 or more, where a general law could have been made applicable, without such limitation, and of uniform operation thoughout the state.

That said act is in contravention of section 14, art. 10, of the Constitution, containing the limitation, to wit:

"Taxes shall be levied and collected by general laws, and for public purposes only"

—in that said act provides for the collection of taxes and special assessments, and is not a general law.

That said act is in contravention of section 20 of article 10 of the Constitution, containing the inhibition, to wit:

"The Legislature shall not impose taxes for the purpose of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes"

—in that said act confers upon the district courts of certain counties of the state, and upon unofficial persons, not the proper authorities of such municipal corporations, the power to collect taxes or special assessments assessed by such municipal corporations for lawful purposes pursuant to existing general law; and in that it authorizes private persons, having no office to perform and no right or interest in taxes or special assessments, to institute proceedings to foreclose the lien of taxes belonging to the state, or the county, or the city, and the lien of special assessments levied by the cities for the payment of bonds, in which special assessments and bonds he has no interest and upon which he has no claim.

It is further contended that said act is in contravention of section 7, art. 10, of the Constitution, which provides:

"The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, homesteads included, without regard to a cash valuation"—in that said act confers upon district courts, upon petition of unofficial persons not the proper authorities of such municipal corporations, or counties, the power to collect assessments levied by municipal corporations for local improvements pursuant to existing general law enacted pursuant to said authorization of the Constitution of Oklahoma.

It is further contended that said act is in contravention of section 1, art. 4, of the Constitution, distributing the powers of government thus:

"The powers of the government of the state of Oklahoma shall be divided into three separate departments: The legislature, executive and judicial; and except as provided in this Constitution, the legislative, executive, and judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others".

—in that it attempts to delegate to and to confer upon the district courts of certain counties the exercise of a power not judicial, to wit: The power to collect taxes, and the distribution of the same, by proceedings instituted in such courts and in which proceedings there is neither issue of fact or law to be adjudicated.

It is further contended that said act is in contravention of section 10, art. 7, of the Constitution, conferring jurisdiction upon the district courts of the state, thus:

"The district court shall have original jurisdiction in all cases civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court, and such appellate jurisdiction as may be provided in this Constitution or by law"—in that the proceeding in the district court in said act provided for is not a case civil or criminal, within the meaning of said provision of the Constitution.

It is further contended that said act is in contravention of section 2, art. 17, of the Constitution, and of section 18 of the Schedule, creating the office of the county treasurer, and defining the powers and duties thereof, and of the officers thereof, thus:

"Section 18. Until otherwise provided by law, terms, duties, powers, qualifications, and salary and compensation of all county and township officers, not otherwise provided by this Constitution, shall be as now provided by the laws of the territory of Oklahoma for like named officers."

"Section 2. There are hereby created, subject to change by the Legislature, in and for each organized county of this state, the offices of sheriff, county treasurer * * *"—in that the office of county treasurer thus created has not been changed by the Legislature, nor have the duties and powers of the county treasurer been otherwise provided by law than as they were provided by the laws of the territory of Oklahoma and amendments and addition thereto relating to the conduct of the office, and duties and powers to be discharged by the county treasurer in the matter of collecting taxes or special assessments. Nor does said act make any change in the office of county treasurer, or purport to modify, enlarge, or diminish the duties and powers of the county treasurer as fixed by general law at the time of the enactment of said act, because of express provisions therein that it shall not:

"Section 8. Nothing herein shall be construed as repealing existing laws relating to sale by county treasurers of property for delinquent taxes, but shall be cumulative thereto."

It is further contended that said act is in contravention of section 53 of article 5 of the Constitution and the limitations thereof, to wit:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation, or individual, to this state, or any county or other municipal corporation thereof"—in that said act authorized the district court of Grady county to release and extinguish the lien of certain special assessments or installments of special assessments levied by the city of Chickasha pursuant to general law against certain real estate within its corporate limits, for the payment of the bonds held as aforesaid by the defendant Foster and others, and not otherwise payable.

If the act in question is general and uniform in its operation, affecting the same subject-matter, and applies to the same class, which is a true test of the character of the act, then it should be upheld. If, however, it is a special law and not general in its operation, and it is beyond the power of the Legislature to change the manner of collection of taxes, and conferring power on other persons and officers not provided for under the Constitution and general statutes as to the levying and collection of taxes, and to liqui-

date taxes as in this act provided, the act must fall for this reason, and it will be unnecessary for us to pass upon the other constitutional questions raised by plaintiffs in error.

The act in question clearly prescribes, not only the manner of the collection of taxes in cities having a population of 3,500 or more, but for a liquidation thereof; not only of special assessments, but of general taxes. It is contended by the defendant in error that this is not a special law, but general in its operation, in that it applies to all cities of the same class. This theory cannot be sustained, because the general statutes of this state provide that cities having a population of 2,000 or more are to be cities of the first class.

It will be observed that section 59, art. 5, of the Constitution provides that:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted"

—and that section 14, art. 10, provides:

"Taxes shall be levied and collected by general laws, and for public purposes only * * *"

—and section 20, art. 10, provides:

"The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes"

—and section 7, art. 10, provides that:

"The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, homesteads included, without regard to a cash valuation."

It is evident that under section 59, art. 5, supra, it is beyond the power of the Legislature to pass any special law where a general law can be enacted. It is also evident that under section 14, art. 10, the framers of the Constitution, recognizing the fundamental principles of justice and that the property of its citizens should be taxed alike, specially prohibited the levying and collecting of taxes except by general laws applicable to all of the citizens; and by section 20, art. 10, supra, it is ordained that the Legislature shall not have the power to impose any tax for any county, city, town, or other municipal corporation, but by general laws the Legislature is empowered to confer upon the proper authorities

of the respective counties and cities the power to assess and collect such taxes. It is evident from this provision of the Constitution that the duly elected, qualified, and acting officers of cities, towns, and other municipalities have the power under the general law of the state to assess and collect such taxes.

The question, therefore, arises, Can the Legislature take this power vested in them under the Constitution away and delegate it to someone else? The general statute provides the manner of collection of delinquent taxes, and provides that the county treasurer may sell the property and issue a certificate to the purchaser, and within two years thereafter deliver his deed to the purchaser if the property is not redeemed. Under the act in question the district court is vested with power to order the property sold, and the sheriff is directed to sell it as under execution; thus it necessarily follows that the sheriff must issue the deed to the property sold under this act, whereas, property sold for taxes or assessments in cities of the first class having a less population than 3,500 must be sold by the county treasurer. It therefore arises, Is this in contravention to the Constitution of this state?

The general rule is that, where the means for the exercise of a granted power are given, no other or different means or powers can be implied, either on the account of convenience or being more effectual. Field v. People 3 Scan. (Ill.) 79. And where the manner of exercising a given power is prescribed, the method thus designated is exclusive. Fletcher v. Oliver, 25 Ark. 289; State ex rel. Murphy v. Barnes, 24 Fla. 29, 3 South. 433; State v. Patterson, 181 Ind. 660, 105 N. E. 228; State ex rel. Frich v. Stark Co., 14 N. D. 368, 103 N. W. 913; Parks v. West, 102 Tex. 11, 111 S. W. 728; Page v. Allen, 58 Pa. 338, 98 Am. Dec. 272.

In State ex rel. Murphy v. Barnes, supra, the court held:

"When the Constitution prescribes the manner of doing a thing, that is in effect a prohibition against the passage of law prescribing a different manner of doing it."

In Parks v. West, supra, the court held:

"Where a power is expressly given by the Constitution and the means by which or manner in which it is to be exercised is prescribed, such means or manner is exclusive of all others."

The rule as expressed by Cooley is as follows:

"When the Constitution defines the circumstances under which a right may be exercised or a penalty imposed, the specification is an implied prohibition against legislative interference to add to the condition or extend the penalty to other cases." Cooley's Constitutional Law, 64.

The language of Judge Cooley is quoted with approval in Quinn v. State, 35 Ind. 485; Morris et al. v. Powell (Ind.) 25 N. E. 221; State v. Patterson (Ind.) 105 N. E. 228.

In State ex rel. Frich, supra, in the body of the opinion the court said:

"It is a rule applicable alike to statutory and constitutional law that when the law directs something to be done in a given manner, or at a particular time or place, then there is an implied prohibition against any other mode or time or place of doing the act. The rule applies with particular force to the interpretation of constitutional law." Denney v. State, 114 Ind. 503, 42 N. E. 929, 31 L. R. A. 726; People v. Hutchinson, 172 Ill. 486, 50 N. E. 599, 40 L. R. A. 770; People v. Spruance, 8 Colo, 307, 6 Pac. 831.

The framers of our Constitution, recognizing the rights of free government and that the rights of personal liberty and private property should be held sacred and that such government would not be free if the rights of property were left solely dependent upon the legislative body without any restraint, solemnly declared that taxes should not be levied or collected except by general laws and for public purposes only, and that the Legislature should not have the power to impose taxes for the purpose of any county, city, town, or other municipal corporation, but that should be done by the proper authorities of such counties, cities, towns, or other municipalities, respectively, under a general law of the state, and that the power of the levying and collection of such taxes should be delegated to the proper authorities of the respective counties and municipalities. State constitutions are restrictions upon legislative power rather than a grant of such power, and when it declares how a right or duty may be exercised. the Legislature is without power to provide its exercise in some other way.

The act in question confers upon the district court the power and authority to collect taxes and liquidate tax liens. The collection of taxes is not, in this jurisdiction and so far as we have been able to ascertain in no other jurisdiction. a judicial act, but is simply a ministerial act. and as far as we have been able to ascertain

this is the first time in the history of this republic that any Legislature has sought to confer such jurisdiction upon the judiciary. There is no provision in the Constitution of this state empowering the judiciary to collect taxes as provided in this act.

In the absence of expressed constitutional provisions the Legislature cannot assign to the judiciary any duties other than those properly judicial, to be performed in a judicial manner. People v. Nussbaum, 67 N. Y. Supp. 492; In re Spingarn's Estate, 159 N. Y. Supp. (Sur. Ct.) 605; Thompson v. Redington, 92 Ohio St. 101, 110 N. E. 652.

In the case of Thompson v. Redington, supra, the court in the second syllabus paragraph laid down the following rule:

"In the absence of expressed constitutional provision therefor, the General Assembly of Ohio cannot assign to the judicial branch of the government any duties other than those that are properly judicial, to be performed in a judicial manner."

It is plain that the act in question has for its object and purpose the liquidation of taxes in cities having a population of 3,500 or more. The fundamental rule is that courts, for the purpose of construing a statute or Constitution, may take judicial notice of everything which may affect the validity or meaning of such Constitution or statute. This bill, in its effect, does not pertain to and affect alone the collection of local municipal taxes of the cities classified therein, but also affects the collection of county taxes, in which all the citizens of the county are interested. It also affects the collection of state taxes, in which all the citizens of the state are interested. How could such a statute be held to be anything except special when applying to the property of a specific locality, and affecting only the property of the locality, while the property of the county and state is controlled by a different law relative to the enforcement of collection of the same taxes, county and state?

For instance, a citizen of Grady county, outside of the city of Chickasha, or any other city of the county coming within the purview of the act, has a right to demand, under the Constitution. that the same law affecting the collection of county taxes against his property be applied against the property in the city of Chickasha in the collection of county taxes, and any citizen of the state, outside of any city of the class named in the instant act, would have a right to demand that the same method of enforcing state taxes be applied to the en-

forcement of taxes against the property in Chickasha as would be applied against his property.

We can see no reason why the difference in population would justify the Legislature in providing a different mode of collecting taxes. It is evident that the framers of the Constitution likewise saw no reason for any such provisions, and, therefore, solemnly declared that the Legislature should pass no such law. In this statute the Legislature declared that cities having a population of 3,500 or more may liquidate taxes by the mode provided. while other cities having a population of 2,000 or more, of less than 3,500, of the same class have no such power. This is a discrimination without any reason, and in our opinion there can be no reasonable justification assigned for such classification. It is, therefore, local legislation within the meaning of the Constitution governing the assessment and collection of taxes.

Section 20, art. 10, of the Constitution specifically prohibits the Legislature from imposing taxes for any purpose of any county, city, town, or other municipal corporation, but the Legislature is empowered by general laws to confer such power upon the authorities of such county, city, town, or other municipality. This clearly means officers of the county, city, town, or other municipality. Section 7, art. 10, gives the Legislature the power to authorize county and municipal corporations to levy and collect assessments upon local improvements upon property benefited thereby. Section 59, art. 5, of the Constitution, supra, specifically provides that where a general law can be made applicable, no special law can be enacted. One requirement of the Contitution is as mandatory in its nature as another. It is just as important that taxation. or manner of collection thereof, should be uniform and equal upon all property as it is that all property should be taxed.

The act in question not being general in the enforcement and collection of taxes, as provided for under section 14, art. 10, of the Constitution, and delegating the power of collection of taxes in a different manner than that provided by the general laws enacted pursuant to the Constitution of this state, and authorizing persons to collect taxes other than the persons mentioned in section 20, art. 10, of the Constitution, it is, therefore, null and void.

Judgment reversed, and cause remanded, with directions to dismiss.

HARRISON, C. J., PITCHFORD, V.C. J., and JOHNSON, McNEILL, MILLER, ELTING, and NICHOLSON, JJ., concur.