**BOARD OF COUNTY COMR'S et al. v. BLAKENEY et al.**

No. 12696—Opinion Filed April 29, 1924.

Rehearing Denied Jan. 10, 1925.

Second Rehearing Denied April 7, 1925.

**Taxation — Unconstitutionality of Statute Empowering Courts to Settle and Collect Taxes.**

Chapter 200, Session Laws of 1919, being

in contravention of section 59, art. 5: section 20, art. 10; section 14, art. 10, and section 7, art. 10, Constitution of Oklahoma. is null and void. Board of Com'rs of Grady County et al. v. Hammerly, 85 Okla. 53, 204 Pac. 445.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court. Oklahoma County; Edward Dewes Oldfield, Judge.

Action by R. Q. Blakeney, against the Board of County Commissioners of Oklahoma County et al., to determine the amount of ad valorem taxes and penalties due the city, county, and state, and school district, and the amount of special assessments against certain property, and to have said property sold in satisfaction of said judgment. Judgment for plaintiff, and defendants appeal. After judgment the court clerk issued an order of sale to the sheriff of Oklahoma County. The sheriff made return of the order of sale showing the land described therein sold. Plaintiff moved the court to confirm said sale, and thereupon certain of the defendants filed objections to such confirmation. Judgment for defendants sustaining their objection to the confirmation. Plaintiff files cross-appeal. Judgment reversed, with directions.

G. A. Paul, for plaintiffs in error.

Blakeney & Ambrister and George A. Fitzsimmons, for defendants in error.

Opinion by SHACKELFORD, C. The parties will be referred to as they appeared in the trial court. The plaintiff, R. Q. Blakeney. instituted this action against the board of county commissioners of Oklahoma county, the city of Oklahoma City, the board of education of Oklahoma City, and the known and unknown holders of warrants and grading, sewer, and paving bonds to determine the amount of delinquent ad valorem taxes and penalties due, and the amount of special assessments upon certain property described in plaintiff's petition, and to have the said property sold to satisfy the judgment. The action is brought under the provisions of chapter 200, Session Laws 1919, same being an act conferring upon the district and superior courts of this state jurisdiction to determine and adjudicate the amount of delinquent ad valorem taxes and penalties due the state, county, city, town township, school district, or other municipal subdivision and the amount of any special assessments upon any tract. body. piece, or parcel of real estate or any lot or part of lot in any incorporated city or town having

a population of 3,500 or more, in any action by any owner or part owner, trustee, mortgagee, lienholder, or holder of any bond or bonds issued for any public improvement in a district wherein such property is situated in any such city, and to decree that such property be sold by the sheriff as a sale of real property under execution, and that the proceeds of such sale be distributed as the interest of the parties to the title may appear. Upon a trial of the cause, after the issues were made, had on the 14th of March 1921, judgment went for plaintiff determining the amount of taxes and penalties due upon each lot and ordering the property sold to satisfy the liens, taxes, and special assessments due upon the same. From this order and judgment of the court, certain of the defendants have appealed to this court. Subsequent to the entry of the judgment the court clerk issued an order of sale directed to the sheriff of Oklahoma county, and thereafter the sheriff made return of such order showing the property had been advertised and sold to the highest and best bidder. Thereafter plaintiff filed a motion to confirm the sheriff's sale. Certain of the defendants filed objections to the confirmation of the sale for the reason that the sale was not had in the manner required by law, and, further, that chapter 200, Session Laws 1919, is unconstitutional. The cause was heard upon the motion to confirm the sale and the objections thereto, and the objections to the confirmation were sustained. From this order the plaintiff files a cross-appeal, and the cause is here for review.

The defendant in error and cross-petitioner makes several assignments of error, but, under the view we take of this case, it will not be necessary to consider any of them. This court in the case of Board of Com'rs of Grady County et al. v. Hammerly, 85 Okla. 53, 204 Pac. 445, had chapter 200, Session Laws of 1919, under consideration, and in that case it was held that this statute is void for the reason that it contravenes section 50, art. 5,; section 20, art. 10; section 14, art. 10, and section 7, art. 10, of the Constitution of Oklahoma. In the concluding paragraph of the opinion in that case the court said:

"The act in question not being general in the enforcement and collection of taxes as provided for under section 14, art. 10, of the Constitution, and delegating the power of collection of taxes in a different manner than that provided by the general laws enacted pursuant to the Constitution of this state, and authorizing persons to collect taxes other than the persons mentioned in section 20, art. 10, of the Constitution, it is therefore null and void."

The statute being unconstitutional and void, it follows that the plaintiff, Blakeney, was not entitled to maintain his action under its provisions, and all questions arising under this appeal are moot and are not necessary for decision in order to make a proper disposition of this case.

We therefore recommend that the judgment of the district court of Oklahoma county be reversed as to the judgment for plaintiff determining the amount of taxes and penalties due upon the lots, creating and declaring liens and ordering the property sold to satisfy the liens, with directions to dismiss the action at the cost of plaintiff.

By the Court: It is so ordered.