NELSON v. PITTS, County Treasurer, ex rel. LATTIMORE, Co. Atty.

No. 16537. Opinion Filed April 20, 1926.

Rehearing Denied Sept. 27, 1927.

(Syllabus.)

1. Taxation—Satisfaction of Delinquent Taxes by Action in Court—Unconstitutionality of Statute.

The provisions of chap. 212, S. L. 1923, in providing for the sale of real estate for the satisfaction of delinquent ad valorem taxes, and delinquent assessments for street improvement in cities and towns by foreclosure suit in the district court, and the extinguishment of all tax and assessment liens of every kind and character against such land upon confirmation of sale, is void for the reason that it has the effect of impairing the obligation of contracts, and is violative of section 15 of the Bill of Rights, which expressly prohibits the passage of any law impairing the obligation of contracts.

2. Same—Impairing Obligation of Contracts.

"The laws existing at the time of the issuance of municipal bonds and under the authority of which they are issued, enter into, and become a part of the contract, in such a way that the obligation of the contract cannot thereafter be in any way impaired or its fulfillment hampered or obstructed by a change in the law." Moore v. Otis et al., 275 Fed. 747.

3. Same.

Said chapter 212, Acts of 1923, is also void because it has the effect of abridging the power of the state to levy and collect taxes, and therefore violative of section 5, art. 10, of the Constitution, and has the effect of extinguishing obligations due the state in violation of section 53, art. 5, of the Constitution.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Bert Pitts, County Treasurer, on the relation of the County Attorney of Muskogee County, against H. B. Nelson and another. Judgment for plaintiff, and defendant named brings error. Reversed, with directions.

Thos. J. Wiley, for plaintiff in error.

S. H. Lattimore, Co. Atty., for defendant in error.

HARRISON, J. This was an action in the district court of Muskogee county by the county treasurer of said county, upon the relation of the county attorney thereof, against C. H. and H. B. Nelson, for a decree of sale of a certain tract of real estate situated in the city of Muskogee and owned by said C. H. Nelson and fully described in the judgment roll herein; the object of the suit being to satisfy certain delinquent ad valorem taxes against said tract and also certain delinquent sewer assessments against same as being in a certain sewer district No. 57, for the payment of which warrants had been issued, also certain delinquent street improvement assessments against said tract as being within a certain paving district No. 151, for the payment of which bonds had been issued.

The action was brought under chapter 212, S. L. 1923, against C. H. Nelson, as the owner and occupant of said tract, and against H. B. Nelson, as the owner and holder of all the street improvement bonds issued for the street improvement in said district No. 151. Each of said defendants filed a separate demurrer to the petition on the ground that said petition did not state a cause of action. Both demurrers were overruled and both defendants refused to plead further and each stood on his demurrer, whereupon judgment was rendered decreeing the sale of said tract for the payment of said delinquent taxes and said sewer delinquent street improvement assessments.

From such judgment said H. B. Nelson, the owner of said street improvement bonds, has appealed here, contending that said chapter 212 is unconstitutional and void.

We shall not enumerate the various and sundry grounds and reasons urged against the constitutionality of said chapter 212, as we think it will suffice to say that it is contended that said statute violates practically every limitation contained in both state and federal Constitutions. However, we shall pass upon only such contentions as are finally and necessarily decisive of the invalidity of said act. The provisions of said act pertinent to the questions here involved are as follows:

"Sec. 1. When the tax charges (including ad valorem taxes and special assessments) against any parcel or tract of real estate shall exceed in amount the fair value of said tract or parcel of land, and either the ad valorem taxes or special assessments are delinquent for as long as three years, the said property may be sold by proceedings had in the district court of the county wherein said property is located, in the manner hereinafter provided.

"Sec. 2. For the purpose of recovering the tax charges mentioned in section 1, and foreclosing the lien created thereby, an action may be filed in the district court in the name of the county treasurer, acting through the county attorney, against the record owner of the tract of land, the person in possession and against all holders of liens, whether created by special assessments or otherwise. If the holders of bonds, certificates or other evidence of indebtedness created pursuant to special assessments, or other lien claimants be unknown, they may be served by publication as in cases against unknown heirs in cases affecting title to real property."

"Sec. 4. The court is hereby granted jurisdiction and authority by its judgment in any such case to direct the manner of sale, character of notice thereof and terms under which said property shall be sold, and the proceeds derived from such sale shall be disbursed as follows: (a) If the sale price of said property shall be insufficient to pay the amount of special assessments thereon, then the whole of the amount realized from said sale, less costs of suit and expenses of the sale, shall be paid pro rata to the holders of bonds or other evidence of indebtedness issued pursuant to special assessments against said property in the order in which the liens therefor were created, and if the liens on said property for said special assessments were created at the same time, then the holders of all the bonds issued pursuant thereto shall be paid pro rata to the extent of the amount realized from said sale; provided, however, such bonds or other evidence of indebtedness shall be surrendered to the court for cancellation before any payment shall be made thereon; and provided, further, if the said bonds or other evidence of indebtedness are not surrendered for cancellation, then the amount so realized shall be paid to the city treasurer and by him held as a trust fund for the payment pro rata of the same upon presentation thereof; and provided, further, that no interest on the said bonds or other evidence of indebtedness shall accrue or be payable to said holders thereof after judgment in said cause. (b) If the amount realized from said sale be more than sufficient to pay said special assessments, then the remainder shall be paid pro rata toward satisfaction of ad valorem taxes against said property due the state, county, township, school district, city or other municipality. (c) In event the proceeds from said sale shall be more than sufficient to pay all said charges mentioned herein, the residue shall be paid to the record owner of said property, or to other lienholders in order of priority.

"Sec. 5. From and after the confirmation of the sale authorized herein, the property involved shall be free and clear of all ad valorem taxes and all special assessments and liens of any kind or character".

Plaintiff in error contends that the foregoing statute is unconstitutional on the grounds: First. That it impairs the obligation of contracts.

Article 12, chap. 29, C. S. 1921, which was the law in force at the time the bonds in question were issued, authorizes the letting of contracts for street improvements and issuance of bonds in payment therefor, and imposes the obligation of paying the face value of said bonds with interest thereon until paid, and authorizes assessments to be made against each abutting tract; and makes such assessment a lien against such abutting tract for the payment of bonds issued in lieu of such street improvements, together with interest thereon until paid. The bonds in question were accepted by purchaser in view of the provisions of the act under which they

were issued. The law under which bonds of this character are issued, and under which contracts of this character are made, enters into and becomes an essential part of the contract. Oklahoma Cotton Growers' Ass'n v. Salyer, 114 Okla. 77, 243 Pac. 232; 6 R. C. L. p. 855; 13 C. J. 247; Deweese v. Smith, 66 L. R. A. 971; Armour Packing Co. v. U. S., 14 L. R. A. (N. S.) 400; Moore, Co. Treas., v. Otis et al., 275 Fed. 747; Moore v. Gas Securities Co. (C. C. A.) 278 Fed. 111. In Moore, Co. Treas., v. Otis, supra, the validity of chapter 130, S. L. 1919, and the validity of the provisions of chapter 211, Id., were before the United States Circuit Court of Appeals upon the identical question presented here, viz., that said statute impaired the obligation of contracts and impaired vested rights granted by the federal Constitution. The court held that:

"The laws existing at the time of the issuance of municipal bonds, and under authority of which they are issued, enter into and become a part of the contract in such a way that the obligation of the contract cannot thereafter be in any way impaired or its fulfillment hampered or obstructed by a change in the law"

—and said chapter 130 was held invalid.

Defendants in error cite the case of Ledegar v. Bockoven, 77 Okla. 58, 185 Pac. 1097, as sustaining the validity of said chapter 200, S. L. 1919, and as being in point and supporting the validity of the statute here involved; but said decision was overruled by clear implication in Board of Com'rs v. Hammerly, 85 Okla. 53, 204 Pac. 445, and also in Board of Com'rs v. Blakeney, 109 Okla. 177, 232 Pac. 805, at least said chapter 200, S. L. 1919, was expressly held to be null and void. The above provisions of chapter 212, taken together, not only have the effect of destroying the lien which the bondholder was given at the time of the making of his contract, but have the effect, or at least might have in any case, and do have in this case, of extinguishing all the unpaid balance of the principal. For example. if the bonds in question had been issued just prior to the enactment of said chapter 212, then suppose the passage of said chapter before any of the assessments became due, and the first, second, and third assessments had become due and unpaid, then in such case a strict enforcement of the foregoing statute could be used to extinguish both the lien and the entire principal of the bonds.

Hence, it is obvious that said section is violative of section 15 of the Bill of Rights, which provides positively that no law impair-

122—7

ing the obligation of contracts shall ever be passed.

And to the same extent which said chapter 212, S. L. 1923, tends to impair the obligation of contracts and to extinguish vested rights, it also tends to restrict the power of the state to levy and collect taxes and to extinguish obligations due the state in violation of both section 5, art. 10, of the Constitution, which provides:

"The power of taxation shall never be surrendered, suspended or contracted away"

—and section 53, art. 5, which provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities or obligations of any corporation, or individual, to this state, or any county or other municipal corporation thereof"

—and for this reason said chapter 212 is void.

The defendant in error makes a very forceful argument in favor of the power of the state to levy taxes and to enforce their collection. With his view in this regard we fully agree, and entertaining such view, we are constrained to hold that the effect of the statute in question is to abridge and restrict the powers of the state to levy and collect taxes, and the further effect of extinguishing tax liens due the state, both of which are expressly forbidden by the Constitution and render the statute void.

The judgment is therefore reversed, with directions to sustain the demurrers and dismiss the action.

All the Justices concur, except MASON, J., not participating.

Note.—See under (1) 12 C. J. p. 987 §593; p. 1012 §635. (2) 12 C. J. 1012 §635; 28 Cyc. p. 1609 (Anno); 6 R. C. L. p. 855; 2 R. C. L. Supp. p. 229; 5 R. C. L. Supp. p. 374. (3) 36 Cyc. p. 871; 37 Cyc. p. 726 (Anno).