**STRAUGHN, County Treas., v. BERRY et al.**

No. 27378. March 9, 1937.

Leon J. York, County Atty., for plaintiff in error.

John W. Whipple, for defendants in error.

OSBORN, C. J. This is an appeal from a judgment of the district court of Payne county wherein the court ordered Harold W. Straughn, county treasurer of Payne county, hereinafter referred to as defendant, to accept payment of certain delinquent special assessments levied and assessed against certain real property in the city of Stillwater for the year 1932 and prior years without requiring payment of interest and penalties accrued thereon. The property owners, Thomas E. Berry and Sam M. Myers, Jr., will be hereinafter referred to as plaintiffs.

The cause was tried upon a stipulation of facts. It was stipulated that plaintiffs were the owners of certain vacant unimproved city lots in the city of Stillwater, located in street improvement districts Nos. 31 and 57; that said real estate was liable for the payment of certain special assessments lev-

ied against it as a portion of the costs of improving the adjacent streets; that installments for the year 1934 to 1935, inclusive, were unpaid. It was further stipulated:

"That said plaintiffs desire to pay said paving assessments, together with the delinquent ad valorem taxes on said real estate, together with penalties and redemption fees as provided by law, but that said county treasurer refuses to receive payment of said special assessments unless there is also paid penalties thereon from the delinquent date thereof.

"That it is the contention of said plaintiffs that all penalties, interest and costs which have accrued on said unpaid special assessment taxes for the year 1932 and all prior years, have been waived, canceled, and released and that said special assessments for the year 1932 and all prior years, not having been paid on or before December 1, 1935, at a rate of 12% per annum as provided by section 4 of article 15 of chapter 66, Session Laws of 1935.

"It is stipulated and agreed by and between the parties hereto that there are outstanding and unpaid the sum of $8,347.57 in street improvement bonds assessed against street improvement district No. 57 and $1,000 in street improvement bonds assessed against street improvement district No. 31; which bonds are now held and owned by persons unknown to the parties hereto.

"It is the contention of the county treasurer that he has no right and that it is not his duty to accept payment of special assessment taxes in those cases where there are outstanding and unpaid street improvement bonds against any paving district unless the penalty thereon is paid in full from the delinquent date of each of said installments.

"It is also stipulated and agreed by and between the parties hereto that plaintiffs have heretofore tendered to the defendant, Harold W. Straughn, county treasurer of Payne county, Okla., all of the assessments heretofore referred to the sum of $2,362.99, less penalties attached thereto, and said defendant has refused to accept payment of same."

When the districts were created and the bonds were issued, chapter 173, Session Laws 1923, was in effect. Section 25 of said act (sec. 6236, O. S. 1931) in part provides:

"In case any installment or interest is not paid when due, the installment so matured and unpaid and the unpaid interest thereon shall draw interest at the rate of twelve per cent. (12%) per annum from maturity until paid, except as hereinafter otherwise provided. All assessments and interest, whether collected by the city or town or the county treasurer, shall be paid to the city or town treasurer who shall keep the same in a separate special fund for the purpose of paying the bonds and interest coupons thereon, issued against such assessments, and after the payment of all bonds and interest thereon, any surplus remaining in said fund shall be used for the purpose of repairing and maintaining any improvement for which assessments have been levied, and for no other purpose whatsoever."

On February 8, 1935, article 15, ch. 66, Session Laws 1935, became effective. Section 4 of that act provides:

"All penalties, interest and costs that have accrued on unpaid special assessment taxes levied and assessed for the year 1932 and all prior years are hereby waived, canceled and released. If said special assessment taxes levied and assessed for said years are not paid on or before December 1, 1935, they shall again become delinquent and bear penalty from said date at the rate now prescribed and provided by law."

It is the contention of plaintiffs that the above-quoted section is effective to waive and release the interest and penalties accumulated upon the assessments involved herein and that it was the duty of the county treasurer to accept payment of the principal amounts due without requiring payment of said interest and penalties, while defendant contends that said section is unconstitutional.

It has been held that laws existing at the time of the issuance of municipal bonds and under the authority of which they are issued enter into and become a part of the contract in such a way that the obligation of the contract cannot thereafter be in any way impaired or its fulfilment hampered or obstructed by a change in the law. McGrath v. Oklahoma City, 156 Okla. 34, 9 P. (2d) 711; Nelson v. Pitts, 126 Okla. 191, 259 P. 533, 53 A. L. R. 1137; Moore v. Otis (C. C. A. 8th) 275 Fed. 747. In the case of Brown-Crummer Inv. Co. v. City of Miami, 40 F. (2d) 508, complainant, as the holder of certain special assessment bonds issued on public improvement districts by the city of Miami, Okla., sought to enforce the application of certain funds collected as interest and penalties to the payment of the bonds. The city took the position that under the provisions of section 4623, C. O. S. 1921, the penalties became the property of the city and should go to the street repair fund. In this connection the court said:

"It is the contention of counsel for the defendant that the action of the city in placing the penalties accruing on street improvement bonds in the street repair fund was

authorized by the last above-quoted statute. This contention ignores that part of the statute which provides that the fund created by the collection of penalties must first be used in retiring the bonds outstanding against the improvement district. It is only where a surplus accumulates over and above the amount necessary to retire due bonds, together with legal interest, that the city may use such fund for the improvement and repair of streets. A consideration of all the applicable provisions of the various statutes clearly evidences a legislative intention to first have the fund arising from the collection of penalties on past-due assessments used in the retirement of the bonds, together with accrued interest, before there would be any surplus of such fund that the law would authorize to be placed in the street repair fund. The primary purpose of the fund was, first, to retire the bonds with accrued interest for which the assessments were authorized by the Legislature to be made and such bonds issued, and, secondly, that if there exists any surplus after the retirement of such bonds, that it be used for the repair of streets.

"The assessments and penalties collected by the city for the retirement of the bonds constitutes a trust fund, and may be used only for the particular purpose for which it was assessed and collected, and the city is without authority to divert the fund to any other use until all the bonds with accrued interest have been retired. Spitzer v. City of El Reno, 41 Okla. 430, 138 P. 797. The relationship between the city and the bondholder is that of an express trust created by law, in which the city is the trustee and the bondholder the cestui que trust. Peake v. City of New Orleans, 139 U. S. 342, 11 S. Ct. 541, 35 L. Ed. 131; City of New Orleans v. Warner, 175 U. S. 120, 20 S. Ct. 44, 44 L. Ed. 96."

In the case of Brown-Crummer Inv. Co. v. Paulter (C. C. A. 10th) 70 Fed. (2d) 184, the holders of certain street improvement bonds issued by the town of Bixby had instituted an action to require the collection of penalties on the delinquent assessments and to require that said penalties be applied to the payment of the bonds. It was disclosed that the town trustees, by resolution, had attempted to remit and cancel the penalties on the theory that the penalties were the property of the town. We quote from the body of the opinion as follows:

"That the bondholders have a vested right in this special fund is not and cannot be questioned. It is the only source from which their bonds may be paid. The penalties for delinquencies are an integral part of the fund and the obligation, made so by statute. Where the assessments are substantially equal to the bonds issued, the chance of the higher-numbered bonds being paid is

wrapped up largely in the penalties for delinquencies. It is a matter of common knowledge that paving is put down in front of vacant property of little value, and that much of this class is not worth accumulated taxes and assessments. This deficit is made up, if at all, from penalties assessed against improved properties of substantial value. The Legislature itself is powerless so to amend a statute as to deprive bondholders of their security. Von Hoffman v. City of Quincy, 4 Wall. 535, 18 L. Ed. 403, cited with approval by Chief Justice Hughes in Home Building & Loan Ass'n v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed. 413; Moore v. Otis (C. C. A. 8) 275 F. 747. The Supreme Court of Oklahoma, in a case squarely in point, has adhered to this rule of common honesty. Nelson v. Pitts, 126 Okla. 191, 259 P. 533, 53 A. L. R. 1137. Cf. Fetzer v. Johnson (C. C. A. 8) 15 F. (2d) 145, certiorari denied 273 U. S. 751, 47 S. Ct. 455, 71 L. Ed. 873; Brown-Crummer Inv. Co. v. Miami (D. C. Okla.) 40 F. (2d) 508. * * *

"* * * Even if the town trustees were authorized to amend the statutes of the state, they could not do what the Legislature itself could not do, deprive the bondholders of their security after the bonds were sold and the streets improved with the proceeds."

By virtue of the provisions of section 25, chapter 173, Session Laws 1923 (section 6236, O. S. 1931), delinquent installments on special assessments draw interest at the rate of 12 per cent. per annum until paid. Such interest, when paid, constitutes a trust fund irrevocably pledged to the payment of the bonds and interest coupons and until payment of such bonds and interest coupons, may be used "for no other purpose whatsoever." Such provision constitutes a part of the contract between the city and the holders of its bonds. The right of the bondholder to require that interest and penalties be collected and applied to payment of the bonds and interest coupons is a vested property right. Such right may not be divested by subsequent legislation. Section 4, art. 15, c. 66, Session Laws 1935, providing for the remission and cancellation of such accrued interest on delinquent assessments, is violative of section 15, art. 2, of the Constitution, which provides that no law impairing the obligation of contracts shall ever be passed, and is, therefore, invalid and ineffective. Nelson v. Pitts, supra; Moore v. Otis, supra.

The duties of defendant as the county treasurer are outlined by the law in effect when the bonds were issued, and section 4 of the 1935 Act is ineffective to authorize said officer to accept the principal amounts due on the delinquent installments in full

payment thereof. It therefore appears that the order of the trial court is erroneous.

The judgment of the trial court is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

BAYLESS, V. C. J., and WELCH, CORN, GIBSON, and HURST, JJ., concur. RILEY, BUSBY, and PHELPS, JJ., absent.