PUBLIC TRUST ACT — TURNPIKE AUTHORITY — HALTING BUILDING OF TOLL EXPRESSWAYS House Bill No. 1388, permitting the construction of toll expressways by public trusts, is ineffective, invalid and unconstitutional insofar as it affects the outstanding bonds issued by the Oklahoma Turnpike Authority and no toll expressways can be constructed under the Public Trust Act until such time as the bonds heretofore issued by such Authority are fully paid. The Attorney General has had under consideration your letter of April 1, 1970, wherein you request our official opinion upon House Bill No. 1388, enacted by the Oklahoma Legislature and now presented to Your Honor for approval. You state: "I hereby request an official opinion with respect to the Constitutionality of House Bill 1388 which authorizes the establishment of municipal and county trusts to construct toll road systems. I would appreciate it if you would review the constitutionality of this House Bill in the light of Title 69 O.S. 686 [69-686] and the revenue bonds issued by the Oklahoma Turnpike Authority pursuant to a trust agreement dated January 1, 1966 which states that the bonds are 'issued and the agreement was made and entered into under and pursuant to the Constitution and laws of the State of Oklahoma, particularly Title 69 Oklahoma Statutes, 1961, Section 651 and 688 inclusive . . ."' The Oklahoma Turnpike Authority was created in 1947 and the statute creating the same has been amended many times through the years. It was last amended and incorporated into the Highway Code of 1968. (Laws 1968, c.415) The Authority was authorized from the beginning to issue bonds, payable from revenues, to pay the cost of turnpike projects. The bonds issued by the Authority are secured by a trust agreement authorized by 69 O.S. 1710 [69-1710] (1969). The trust agreement of the Oklahoma Turnpike Authority of January 1, 1966, now in force, contains the following provision: "This bond is issued and the Agreement was made and entered into under and pursuant to the Constitution and laws of the State of Oklahoma, particularly Title 69, Oklahoma Statutes 1961, Sections 651 to 688, inclusive, as amended, and Title 47, Oklahoma Statutes 1961, Sections 47 O.S. 11-1401 [47-11-1401] to 47 O.S. 11-1405 [47-11-1405], inclusive, as amended (herein collectively called the 'Enabling Act'), and under and pursuant to resolutions duly adopted by the Authority . . . ." Title 69 O.S. 686 [69-686] (1961), enacted in Laws 1961, c. 6, p. 548, provided: "No turnpikes or state highways shall ever be constructed or financed under the terms of 60 O.S. 1951, 176-180 [60-176] — [60-180], inclusive, as amended by Sections 1 and 2, Chapter 4, Title 60, Oklahoma Session Laws 1953, page 277 (60 O.S. 176 [60-176] and 60 O.S. 177 [60-177] (1959)), relating to public trusts." Section 686, above, was repealed in 1968 with the adoption of the new Highway Code, but in the Code the following language was enacted as Section 1733, thereof, and codified as 69 O.S. 1733 [69-1733] (1969): "No turnpikes or state highways except toll urban expressways shall ever be constructed or financed under the terms of 60 O.S. 1961, 176-180 [60-176] — [60-180], inclusive." Article I, Section 10, of the Constitution of the United States and the Fifth Amendment thereto, respectively provide, in part: "No State shall . . . pass any . . . law impairing the obligation of contracts. . . ." "No person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." Article II, Section 7 and Article II, Section 15
Oklahoma Constitution, respectively provide, in part: "No person shall be deprived of life, liberty, or property, without due process of law." "No . . . law impairing the obligation of contracts, shall ever be passed. . . ." House Bill No. 1388, Thirty-Second Legislature, Second Session, purports to amend 60 O.S. 176 [60-176] and 60 O.S. 178 [60-178] (19610, and to repeal 69 O.S. 1733 [69-1733] (1969), above. Without quoting the Act in full, we note it also provides for the construction of toll expressways by public trusts created by any public agency or governmental subdivision; the issuance of revenue bonds in payment of the cost of such projects; and exempts public trusts in counties having a population of four hundred thousand (400,000), or more. It is fundamental that the law in force at a given time becomes a part of any contract authorized thereby. It is common knowledge the Oklahoma Turnpike Authority has issued at least $186,000,000 in turnpike revenue bonds for this amount was refunded in 1966. The debt against the revenues of the turnpike system represented by the refunding bonds was created while Section 686, supra, was a part of the basic law regarding turnpikes. Section 686, supra, became an integral part of every revenue bond issued by the Oklahoma Turnpike Authority and the bonds later issued refunding such bonds. This rule was laid down by our Supreme Court in the case of Oklahoma City v. Vahlberg,197 Okl. 613, 173 P.2d 756, wherein the court said: "The laws existing at the time of the issuance of municipal bonds and the authority under which they are issued enter into and become a part of the contract in such a way that the obligation of the contract cannot thereafter be, in any way, impaired or its fulfillment hampered or obstructed by a change in the law . . . ." See also the case of Nelson v. Pitts, 126 Okl. 191, 259 P. 533,53 A.L.R. 1137, wherein the Court said: "Article 12, Chap. 29, C.S. 1921, which was the law in force at the time the bonds in question were issued, authorizes the letting of contracts for street improvements and issuance of bonds in payment therefor, and imposes the obligation of paying the face value of said bonds with interest thereon until paid, . . . The bonds in question were accepted by purchaser in view of the provisions of the act under which they were issued. The law under which bonds of this character are issued, and under which contracts of this character are made, enters into and becomes an essential part of the contract. . . ." And, the Court quoted with approval the language of the Court in Moore, Co. Treas. v. Otis et al, 275 F. 747, as follows: "'The laws existing at the time of the issuance of municipal bonds, and under authority of which they are issued, enter into and become a part of the contract in such a way that the obligation of the contract cannot thereafter be in any way impaired or its fulfillment hampered or obstructed by a change in the law'." Thus, the Oklahoma Turnpike Authority offered its bonds for sale with the full knowledge of the prohibition contained in Section 686, supra. The bondholders who purchased the bonds offered for sale by the Authority and advanced the funds to pay the cost of turnpike projects contracted relying upon the authority granted the Authority to so contract by the Legislature, and upon the prohibition contained in Section 686, supra. Under the provisions of House Bill No. 1388, it would be possible for toll expressways to be built which would compete with existing turnpikes for business and thus destroy or diminish the security for the revenue bonds of the Authority now outstanding. This would impair the obligation of contract and deprive the bondholders of property without due process of law, thus violating the above quoted provisions of both the Oklahoma and United States Constitutions. It is, therefore, the opinion of the Attorney General that House Bill No. 1388 is ineffective, invalid and unconstitutional in so far as it affects the outstanding bonds heretofore issued by the Oklahoma Turnpike Authority and no toll expressways can be constructed under the Public Trust Act (60 O.S. 176 [60-176] (1961) et seq., as amended) until such time as the bonds heretofore issued by the Authority are fully paid. (W. J. Monroe)