## CITY OF ARDMORE et al. v. HUDSON-HOUSTON LBR. CO.

No. 30282.   Jan. 13, 1942.

*120 P. 2d 988.*

J. B. Moore, of Ardmore, for plaintiffs in error.

Dolman, Dyer & Dolman, of Ardmore, for defendant in error.

ARNOLD, J.  This is a mandamus action instituted by the Hudson-Houston Lumber Company to compel the city of Ardmore and Nancy Center, L. M. Thurston, and Lee L. Tyler, treasurer, clerk, and manager, respectively, of said city, to pay to plaintiff all sums of money held by them in a special fund created by the payment of street improvement assessments by owners of property in street improvement district No. 81 of the city of Ardmore. Street improvement district No. 81 was created by the city of Ardmore and street improvement bonds 1 to 30, inclusive, were issued against the property of said district in December, 1928. All of said bonds were, at all times hereinafter mentioned, owned by the Hudson-Houston Lumber Company. Before the institution of this mandamus action, bonds 1 to 19, inclusive, had been fully paid and retired, and all interest coupons on the entire series had been paid. Bonds 20 to 30, inclusive, were past due and were wholly unpaid with the exception of a part payment that had been made on bond No. 20.

It appears from the stipulation herein that on the 18th day of January, 1939, an action to foreclose all delinquent unpaid special assessments in said district for the year 1937 and all prior years was instituted in the district court of Carter county; that therein all owners and incumbrancers of all tracts or parcels of land in said district were made parties defendant; that judgment was entered in favor of Hudson-Houston Lumber Company, owner of said bonds, foreclosing the special assessment lien on said property created thereby; that order of sale was entered, execution issued, and all delinquent property sold to Charles W. Hudson for the various amounts shown by the return of sale. The total amount paid was $982; said sale was by the district court confirmed and all special assessments for the year 1937 and prior years canceled and satisfied; that there remained due and unpaid against the various parcels of land in said street improvement district the installment for the year 1938; that the proceeds from such sale, less the court costs, were paid to the city treasurer of the city of Ardmore; that on the 29th day of November, 1940, the plaintiff presented said bonds 20 to 30, inclusive, being all the bonds in said district remaining unpaid, to the city treasurer and city clerk, requesting that they pay to it all the money in said street improvement fund. It offered to permit an endorsement on said bonds pro rata of the amount paid or to surrender sufficient bonds which, together with accrued interest, would equal the amount of money paid to it by the city from said funds. The city treasurer and clerk refused to make such payment unless and until sufficient bonds were surrendered which, together with the accrued interest, would equal the full amount of the assessments sued upon and foreclosed.

In its response and defense in the trial court the defendant, as here, contended that the street improvement bonds involved herein were issued under and by virtue of House Bill No. 231; that by reason of its charter provision and a provision inserted in the bonds, the plaintiff was limited to the exclusive remedy provided by said House Bill (same being the act of the Legislature approved April 17, 1908, secs. 608-46,

R. L. 1910, art. 12, ch. 29, C.O.S. 1921); that said act did not provide for collection of said bonds by foreclosure proceedings; that, therefore, the foreclosure proceedings and sale of the property held thereunder were void. It was also contended therein, as herein, that if the foreclosure proceedings were not void, still no deficiency judgment was provided for by said act, and the proceeds realized from the sale of said premises fully retired the assessments which existed against the property sold, and, therefore, bonds should be surrendered in the amount of assessments levied against the respective tracts of land sold, instead of surrendering bonds equal to the amount on deposit in said fund and paid to the bondholder. At the conclusion of the trial the relief sought by the plaintiff was granted and the defendants were directed upon presentation of the bonds to endorse thereon as partial payment pro rata the amount of money actually paid, such payments to be credited against the principal and accrued interest.

The defendants present this appeal upon two propositions: (1) That the attempted foreclosure of the assessments lien is void; (2) that if the court had authority to foreclose the assessments, then the bonds should be credited with the amount of assessments foreclosed and not the amount of money realized.

Plaintiff contends: (1) That the city of Ardmore has no direct interest in the subject matter of this suit, and, therefore, has no right to complain; (2) that the final judgment of the district court of Carter county in the foreclosure action adjudged that the plaintiff had a lien against the property for the delinquent assessments; that it had a right to foreclose said lien and sell the property to satisfy its lien based on said delinquent assessments; that the aggregate amount of the lien was determined; that it was determined by said final judgment of the district court of Carter county that the treasurer of the city of Ardmore should pay to the plaintiff, to be credited on its bonds, all funds coming into his hands by reason of the payment of delinquent assessments or sale of the property so long as the bonds were not fully paid; that the foreclosure suit was a class suit in the name of the city and was binding on it; that all the contentions now made by the city were finally determined and the judgment in foreclosure is res adjudicata of all the contentions now made by the city; (3) plaintiff further contends that its right to foreclose its lien based on special assessments was granted by the 1923 general act of the Legislature, same being 11 O.S.A. § 107; that said act specifically repealed article 12, ch. 29, C.O.S. 1921, which included the 1908 act of the Legislature, with the exception of a portion of section 4623; that the 1923 act was in full force and effect at the time the special improvement district was created and the bonds issued.

Sections 28 and 29, ch. 173, S. L. 1923, provide two methods by which payment of special assessments can be enforced. The special improvement bonds in question were issued after the effective date of the 1923 act, supra, and while the same was in full force and effect. Both remedies provided therein were available to the bondholder. A contrary provision of a city ordinance or charter would be ineffective to cut off either of said remedies or relegate the bondholder to the sole remedy provided by article 12, ch. 29, C.O.S. 1921.

Where a city, such as the city of Ardmore in this instance, issues special improvement bonds, the remedy provided by the general law relative to the subject matter at the time such bonds are issued becomes a part thereof, and such city cannot restrict the availability of such remedy or remedies to the bondholder. Straughn v. Berry, 179 Okla. 364, 65 P. 1203; Prince v. Ypsilanti Savings Bank, 140 Okla. 131, 282 P. 282, and many other cases.

The contention of the city of Ardmore that by charter provision and a provision inserted in the bonds issued made the remedy of the 1908 act exclusive in the matter of enforcing payment of the bonds is untenable for the reason hereinbefore stated. It is, therefore, unnec-

essary to interpret the meaning of said provisions or determine the intention of the city of Ardmore relative thereto.

In Straughn v. Berry, supra, and preceding cases, we held that all special assessments, interest, and penalties paid in go to retire the outstanding bonds of the special improvement district. Under that part of section 4623, C.O.S. 1921, not repealed by section 36, ch. 173, S. L. 1923, and under section 25 of said 1923 act, the city of Ardmore would not be entitled to any portion of such proceeds until the complete retirement of the outstanding bonds. The judgment of the district court foreclosing the assessment lien canceled all assessments for the year 1937 and all previous years, and, of course, when the property was sold nothing remained against which such assessments could be enforced. These facts, however, do not indicate that the bonds equivalent to the assessments falling due for 1937 and previous years were or should be canceled. There is a wide distinction between the bonds issued evidencing the existing indebtedness and the assessments provided for the payment of said bonds. The bondholder should not be required to give up bonds that are not extinguished by payment. So it follows that the city of Ardmore was not justified in attempting to require that the bondholder deliver up bonds equivalent to the assessments foreclosed. The bondholder was entitled to all the funds on hand accruing by reason of the payment of assessments, interest, or penalties until his bonds were paid in full. Either of the proposals made by the bondholder in this instance were fair and reasonable and would have furnished ample protection to the city of Ardmore under any contingency.

In view of our holdings herein expressed, it is unnecessary to pass upon the other propositions raised by the plaintiff.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur.