## HANCHETT BOND CO. v. MORRIS, Co. Treas., et al.

No. 19139. Opinion Filed May 6, 1930.

L. P. Oldham, George T. Webster, and Massingale & Duff, for plaintiff in error.

E. C. Fitzgerald and A. L. Commons, for defendants in error.

HEFNER, J. In 1925 the county treasurer of Ottawa county instituted a suit in the district court of that county in accordance with the provisions of chapter 212, Laws of 1923, to foreclose various special improvement warrants, or bonds, issued for the construction of sewers in the city of Miami. These constituted liens upon certain property against which they were assessed. The installments were past due and the bonds were in default. On the same property ad valorem taxes had accumulated. Service was had on the respective fee owners, and all parties interested in the property were made defendants, including the Hanchett Bond Company, the plaintiff in error herein, holder of the sewer warrants. The bond company answered by way of cross-petition and asked that its liens be established and that the property described in each warrant be sold. Thereafter, judgment was entered, order of sale was issued, and the property was sold at public auction. About 75 per cent. of the property was purchased by the bond company at a price equal to its lien for each sewer warrant, and the interest thereon. A portion of the property, with which the interveners, as defendants in error herein, are concerned, was purchased by them, for which each of them paid cash. The return of sale was duly made and confirmed by the court, and deeds were issued to the purchasers, who recorded their deeds and took possession of the property. Before the county treasurer paid the money to the Hanchett Bond Company this court, in the case of Nelson v. Pitts, 126 Ok'a. 191, 259 Pac. 533, held the Act of 1923, under which the county treasurer brought this action, was unconstitutional and void. The county treasurer of Ottawa county then refused to turn over $3,752.85, in his hands as the proceeds of the purchase price from the sale of the lots, to the Hanchett Bond Company. On his refusal so to do the bond company brought this action against the county treasurer to com-

pel him to turn the money over to it. In his answer the county treasurer alleged that the original action to foreclose the liens was void for want of jurisdiction, because chapter 212, Laws of 1923, was unconstitutional. Certain of the defendants in error, as interveners below, filed their petition in intervention, claiming they should have a return of their money, paid at sheriff's sale, upon the theory that they had received no title and had no valid deeds to said lots because the law under which the lots were sold was unconstitutional and void, and that the judgment was void upon its face. A motion was filed by the bond company for judgment upon the pleadings, alleging that cause No. 7509, in which the liens were foreclosed, had become final and that the interveners had received the benefits of their purchase, and that each was estopped from asking for the cancellation of the sheriff's deeds and the return of their money. The motion for judgment on the pleadings was overruled, and, among other things, the trial court said:

"In view of the fact that all of the parties to the former proceeding are in court in this case and are in a position to be relieved from the erroneous decision and proceedings in the former case without harm being done to any person, or persons, it would appear that equity will dictate the course to be determined and followed in the case at bar. Such being true, the plaintiff's prayer for relief should be denied and that of the interpleaders herein allowed and sustained and the purchase money, which has been by the county treasurer held awaiting the outcome of this case, ordered returned to said interpleaders."

The various questions involved herein are not easy of solution, nor are they free from doubt, but after a careful consideration of the record herein we have concluded that the judgment of the trial court should be affirmed. In doing so, however, we think certain observations should be made.

In the first place, the county treasurer had no authority whatever to bring any suit to foreclose the various liens, and the district court had no jurisdiction to entertain the same, except by authority granted in the Act of 1923. which was held by this court to be unconstitutional. It follows, therefore, that except for that act the district court had no jurisdiction of this action. It is true, however, that under section 4609, C. O. S. 1921, all special assessments, and the interest thereon, are declared to be liens against the lots and tracts of land so assessed from the date of the ordinance levying the same, coequal with the lien of other taxes. It is urged herein that the bond company, in its cross-petition in the original case, became the plaintiff therein and sought to foreclose its liens under this statute. The original suit, however, was brought under the Act of 1923 by the county treasurer; notice was had in accordance therewith, and all of the proceedings were in accordance with that act. We therefore hold that the action was one by the county treasurer under the Act of 1923, and that it was not one by the bond company as an independent action to foreclose its liens under section 4609, supra.

Again, it must be noticed that this is a collateral attack upon the judgment in the original case. The judgment in the original case had become final. However, the purchase price for the lots that was paid into the hands of the county treasurer had not yet been paid over by him to the party, or parties, entitled thereto under the judgment, and all the parties to the former proceedings are in court in this case and are in a position to be relieved from the erroneous decision and proceedings in the former case without harm being done to any person, and it therefore appears that in a case of this character equity should grant relief. We think, however, the rule recognized in most jurisdictions is that in civil actions a judgment on the merits, based on an unconstitutional statute, is not void, but merely voidable, and is conclusive on the parties as to the cause of action when it becomes final, although the statute under which the proceedings were taken may be at a later date and in another proceeding held unconstitutional. That is undoubtedly true in all cases where the court had jurisdiction of the parties and of the subject-matter, and power to render the particular judgment rendered. In the case at bar we think it very doubtful if the court had power to render the particular judgment rendered. The court had no jurisdiction except that granted by the Act of 1923, which was held unconstitutional. If the statutes had conferred jurisdiction, independent of the Act of 1923, then we would have a different question. In any event, since the county treasurer had not distributed the money paid into his hands on the lots sold under the foreclosure proceedings, and since all of the parties to the original action are parties to this action, we think the trial court took the proper view, and its judgment is accordingly affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, RILEY, SWINDALL, and ANDREWS, JJ., concur. HUNT and CULLISON, JJ., absent.

Note.—See under (1) R. C. L. pp. 117,

118; R. C. L. Perm. Supp. pp. 1623, 1624. See "Constitutional Law," 12 C. J. §228, p. 800, n. 75.