**JONES v. McGRATH.**

No. 21440. Opinion Filed Dec. 6, 1932.

G. A. Fitzsimmons, for plaintiff in error.

H. A. Wilkinson, for defendant in error.

HEFNER, J. This is an action brought in the district court of Oklahoma county by O. J. Jones against M. McGrath to quiet title to lots 12 and 13, in block 7, Capitol Hill addition to Oklahoma City. Trial was to the court and resulted in judgment in favor of defendant. Plaintiff appeals and asserts that the judgment is contrary to law.

The record shows that plaintiff acquired title from Nancy and Jackson Ryan on February 4, 1921. At that time ad valorem taxes from 1911 to 1920, inclusive, were past due and delinquent. Special assessments for paving, sidewalks, and sewer improvements were also due and delinquent. On February 26, 1921, under the provisions of chapter 200, S. L. 1919, plaintiff instituted a suit in the district court of Oklahoma county to determine the amount of such taxes and special assessments due against the lots, and to obtain an order of sale authorizing the sale thereof to satisfy the taxes. Judgment was entered determining the taxes due and the property was sold on August 6, 1921, to satisfy the same. Plaintiff became the purchaser of the lots at the sale, and deposited the amount of the bid in the office of the court clerk where the fund still remains, since it was never paid by the court clerk to the county treasurer. The sale made under the judgment was duly confirmed by the court on August 20, 1921, and sheriff's deeds executed to the purchaser, O. J. Jones, plaintiff herein. Shortly after the sale, the act under which the proceedings were had was held unconstitutional by this court in the case of Board of County Commissioners v. Hammerly, 85 Okla. 53, 204 P. 445. After this court ruled on the constitutionality of the act, and in November, 1921, notwithstanding the prior sale of the lots to satisfy the taxes, the county treasurer sold them for taxes for the year 1920 and prior years, and they were bid in by the county. In the year 1924, the lots were sold at a tax resale. Defendant herein became the purchaser at such resale. Plaintiff had paid all taxes subsequent to 1920.

It is plaintiff's contention that notwithstanding the fact that the 1919 act under which sale for taxes was had was held unconstitutional, the judgment in question, rendered under the act, not having been appealed from, was valid and binding and operated to extinguish the tax lien of the county; and that the subsequent sale of the lots by the county for taxes was void.

Defendant urges that, since the act relied upon by plaintiff was unconstitutional, the judgment taken thereunder authorizing the sale of the premises for taxes was absolutely void and did not operate to release the tax lien. Defendant admits that the county did not raise the question of constitutionality of the 1919 act in the action which resulted in the judgment authorizing the sale of the lots. Plaintiff claims that, by reason of the fact that the county failed so to do, it waived the question, and the judgment was therefore binding upon it, and that the subsequent sale of the lots to defendant was therefore void.

Both parties rely upon the case of Hanchett Bond Co. v. Morris, Treas., 143 Okla. 110, 287 P. 1025. It is there said:

"In a civil action, where a statute conferring jurisdiction is held unconstitutional, such decision will have no retroactive effect, and where proceedings have been regularly had under the law as it existed before such decision, they will not be disturbed. In a case, however, where all the proceedings in a cause of action have not been completed before the statute under which the proceedings were had was held unconstitutional in another proceeding, and the court has all the parties before it, equity dictates that relief should be granted from the proceedings had under the unconstitutional act."

In that case the county treasurer instituted suit under the 1923 act to foreclose special assessment and ad valorem tax liens. Judgment was rendered authorizing the sale of the lots to satisfy the liens, order of sale was issued, the land sold, and the sale confirmed. The money was deposited in the

hands of the court clerk and was never distributed to the parties entitled thereto, as in the instant case. Thereafter the 1923 act was by this court held unconstitutional. After its constitutionality had been determined, the court clerk refused to pay the proceeds of the money derived from the tax sale to the holder of the bonds, whose liens were foreclosed by the action. Hanchett Bond Company, one of the holders, filed a motion in that action praying that an order be issued by the court compelling the clerk to pay to it the amount due it under the decree. The purchaser of the property at the sale intervened in that action, and alleged that the judgment authorizing the sale was void for the reason that the law under which the proceedings were had was unconstitutional, and prayed that the purchase money be returned to him. The trial court held in favor of intervener and ordered the money returned to him. The court, in disposing of the question, said:

"The judgment in the original case had become final. However, the purchase price for the lots that was paid into the hands of the county treasurer had not yet been paid over by him to the party, or parties, entitled thereto under the judgment, and all the parties to the former proceedings are in court in this case and are in a position to be relieved from the erroneous decision and proceedings in the former case without harm being done to any person, and it therefore appears that in a case of this character equity should grant relief. We think, however, the rule recognized in most jurisdictions is that in civil actions a judgment on the merits, based on an unconstitutional statute, is not void, but merely voidable, and is conclusive on the parties as to the cause of action when it becomes final, although the statute under which the proceedings were taken may be at a later date and in another proceeding held unconstitutional. * * *"

It will be seen that, while the court in that case adopted the equitable rule and did not require the money to be paid to the bondholder under the judgment, after the act was held unconstitutional, it did so on the ground that equity would intervene and order the money returned to the purchaser for the reason that all parties were before the court and could be relieved from the erroneous decision and judgment without harm being done to either of them.

This rule cannot be applied in the instant case for the reason that the plaintiff paid the special assessments and ad valorem tax assessments against the premises from 1921 to 1929. He cannot recover this amount. It is impossible to place the parties in statu quo.

In that case, the court also announced the general rule that a judgment rendered in a civil action, based upon an unconstitutional act, is not void but merely voidable, and not subject to collateral attack. We think the general rule should be applied in the instant case. The county, in the original proceeding, did not raise the question of constitutionality of the act. The judgment rendered in that court was not appealed from and became final. Defendant cannot in this proceeding attack the judgment there rendered.

In the case of Forest Lbr. Co. v. Oseola Lead & Zink Min. Co. (Mo.) 222 S. W. 398, it is held that a judgment rendered under a statute which is thereafter held unconstitutional is valid and not subject to collateral attack. To the same effect is Factors & Traders Ins. Co. v. New Orleans, 25 La. Ann. 454. In case of Fast v. Gilbert, 102 Okla. 245, 229 P. 275, this court announced the rule that the constitutionality of an act could not be raised for the first time in this court, and, where the question is not raised in the trial court, it is waived. See, also, Nagel v. Bosworth (Ky.) 147 S. W. 940; Miller v. Conner (Mo.) 157 S. W. 81; George v. Quincy, etc., R. Co. (Mo.) 155 S. W. 453.

The record shows that plaintiff did not begin his action to quiet title and to set aside the resale tax deed within one year from the date upon which the deed was recorded. Defendant contends that for this reason his cause of action is barred. This contention cannot be sustained. There were no taxes due at the time the lots were sold for taxes and defendant's resale tax deed issued. The sale of the lots to plaintiff, under the judgment of the district court of Oklahoma county entered under authority of the 1919 act, operated to cancel the taxes from the years 1911 to 1920, inclusive. Plaintiff paid all subsequent taxes on the property, and the county treasurer was, therefore, without authority or jurisdiction to sell it for taxes. The one-year statute of limitations relied upon by defendant is, therefore, inapplicable.

In the case of Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 708, the following rule is announced:

"If the real estate described in a resale tax deed was not taxable, if the taxes thereon had been paid, or if the county treasurer for any reason was without power or jurisdiction to sell the land at a resale and

to execute a resale tax deed, the instrument is void for want of power or jurisdiction to execute the same, and the provisions of section 6, chapter 158, Session Laws 1923, are not applicable thereto."

This authority is decisive against the contention of defendant that plaintiff's cause of action is barred by the one-year statute of limitation.

For the reasons stated, the trial court erred in entering judgment in favor of defendant. Judgment is, therefore, reversed, and the cause remanded, with instructions to cancel and set aside defendant's resale tax deed, and to enter judgment in favor of plaintiff quieting title in him.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.