## WALKER v. STUBBLEFIELD et al.

No. 20839.    Dec. 19, 1933.

Abernathy & Howell, for plaintiff in error.

Tom C. Waldrep, for defendants in error.

RILEY, C. J. This is an appeal from an order setting aside a judgment entered under the provisions of chapter 212, S. L. 1923, and canceling a sheriff's deed issued pursuant to said judgment. The act of the Legislature under which the judgment was entered and the sale made provided for an action in the district court for the foreclosure of tax liens where the taxes due, including special assessments, exceeded the fair value of the property and any part thereof that remained unpaid for a period of three years.

This act was finally declared unconstitutional in Nelson v. Pitts, Co. Treas., 126 Okla. 191, 259 P. 533, September 27, 1927.

On July 16, 1923, an action was commenced by W. A. Gibbens, county treasurer of Pottawatomie county, for the foreclosure of a tax lien and sale of lots 3. 4, 5, and 6, in block 31, amended plat of the city of Shawnee. It was alleged that Sallie H. Stubblefield and W. C. Foster were the record owners of said lots, and that L. K. Seymour was the owner of special assessment warrants against said property. Personal service was had upon defendant Sallie H. Stubblefield, and service by publication was made upon defendants Foster and Seymour. Defendants made default, and on October 13, 1923, judgment was rendered finding the amount of ad valorem taxes. paving assessments, and sewer assessments against each of said lots and adjudged the sewer tax assessments to be a first lien, the paving tax assessment a second lien, and the ad valorem taxes a third lien on said lots, and ordering same sold and the proceeds applied accordingly. An order of sale was issued and the lots were advertised and sold on December 8, 1923. At said sale F. H. Walker was the purchaser of lots 3, 4, and 5, and William Reid was the purchaser of lot 6. An order approving the sale was entered on April 12, 1924, and sheriff's deeds were issued accordingly.

Thereafter, on May 19, 1928, a motion was filed by Sallie H. Stubblefield, William Reid, and L. K. Seymour to vacate, set aside, and hold for naught the judgment and decree, cancel and set aside the order confirming the sale, and to cancel of record said sheriff's deed. Walker was served with notice of the motion and responded thereto by general denial and by alleging, in substance, that long before the motion was filed, Sallie H. Stubblefield and L. K. Seymour had sold and conveyed away all their rights, title, and interest in the lots, that the only interest Reid had in the property, other than a like interest of Walker, was a pretended conveyance to him of the interest of Sallie H. Stubblefield and L. K. Seymour. and that neither Stubblefield nor Seymour had been in possession of the premises for more than two years next before the pretended conveyance; that he had paid the sum of $450 for the lots he had purchased at the sheriff's sale and had since expended some $750 in making per·

manent improvements thereon, and that movants had not repaid or offered to repay the purchase price of said lots or any part of the money expended for improvements. A hearing was had, in the course of which it was stipulated that, prior to the filing of the motion to vacate, Sallie H. Stubblefield and W. C. Foster had, by quitclaim deed, conveyed their interest in said lots to movant, Reid.

The former judgment and decree, order of sale, sale, and order confirming the sale, and the sheriff's deed, were set aside and the title to all of said lots was quieted in movant, William Reid, subject to a lien on lots 3, 4, and 5, in favor of Walker in the sum of $450, the amount of the purchase price which he paid therefor, with interest at 6 per cent. from December 8, 1923, and all taxes paid by him after said sale, the amount of which is not shown. From this order Walker appeals.

The only ground relied upon to set aside the judgment and order confirming the sale and the sheriff's deeds was that the act of the Legislature, chapter 212, S. L. 1923, was and had been declared unconstitutional and void.

The question presented is as to the validity of a judgment regularly entered and fully executed under a statute subsequently declared to be unconstitutional.

The order setting aside the judgment in this case was made before the decision of this court in Hanchett Bond Co. v. Morris, Co. Treas., 143 Okla. 110, 287 P. 1025, wherein it was held:

"In a civil action, where a statute conferring jurisdiction is held unconstitutional, such decision will have no retroactive effect, and where proceedings have been regularly had under the law as it existed before such decision, they will not be disturbed. In a case, however, where all the proceedings in a cause of action have not been completed before the statute under which the proceedings were had was held unconstitutional in another proceeding, and the court has all the parties before it, equity dictates that relief should be granted from the proceedings had under the unconstitutional act."

In their brief herein both parties contend that the above case supports their respective contentions. Plaintiff in error apparently relies upon the first sentence of the syllabus and defendant in error relies upon the last sentence. Defendant in error contends that, as all the parties were before the court, the order should be affirmed under the rule announced in that case. A somewhat different situation is presented here. In the Hanchett Bond Company Case, supra, the money derived from the sale of the property involved was still in the hands of the county treasurer, when this court, in Nelson v. Pitts, Co. Treas., supra, held the act of 1923 to be unconstitutional, and purchasers were demanding the return thereof and the bonding company was demanding that the money be paid over to it under the judgment. It was because the proceedings had not been completed and the parties could be released from the erroneous judgment without harm to either, that this court upheld the order of the lower court in refusing to direct the money to be paid over to the bond company and ordering it returned to the purchaser.

In this case it is not shown that the money paid by the plaintiff in error was still in the hands of the county treasurer, nor was plaintiff in error demanding its return to him. He insists upon his right to retain the property purchased by him. After briefs were filed in this case, this court, in Jones v. McGrath, 160 Okla. 211, 16 P. (2d) 853, upheld the title of a purchaser under conditions almost identical as here. There is no substantial difference in the legal question. The original judgment and sale in that case were under the provisions of chapter 200, S. L. 1919, afterwards held unconstitutional in Board of Co. Com'rs v. Hammerly, 85 Okla. 53, 204 P. 445, though the amount paid by the purchaser was still in the hands of the court clerk, not having been paid to the county treasurer. Therein it was held:

"A judgment rendered in a civil action, under a statute which is thereafter and in another action held unconstitutional, is, as a general rule, valid and not subject to collateral attack."

The decision in that case is decisive of the question here involved. It will be observed that the Hanchett Bond Company Case, supra, and Jones v. McGrath, supra, both held the general rule to be that a judgment rendered in a civil case, based upon an unconstitutional act, is not void, but merely voidable. The general rule should be applied in the instant case. Thereunder, the order appealed from, in so far as it affects the property claimed by plaintiff in error, must be and is hereby reversed, and the cause is remanded, with

directions to enter judgment for plaintiff in error as to the lots claimed by him.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.