## NICHOLS v. STONE.

No. 21892.   Nov. 5, 1935.

Robinson & Oden, for plaintiff in error.

Twyford & Smith and G. Lee Gibbs, for defendant in error.

OSBORN, V. C. J.   This is a forcible entry and detainer action instituted in a justice of the peace court of Roger Mills county by L. L. Stone, as plaintiff, against J. G. Nichols, defendant, for possession of certain real property. Plaintiff prevailed in the justice court and the cause was appealed to the district court. Therein B. Olsen and R. L. Bliss were allowed to intervene for the benefit of plaintiff, their grantee. Judgment was rendered in the district court in favor of plaintiff, and defendant has lodged this appeal. The parties will be referred to as they appeared in the trial court.

Defendant claims the right to possession of

the property by virtue of a lease dated December 7, 1928, from one J. Luther Taylor, a record owner of the property.

Plaintiff bases his right to possession on certain conveyances from Bliss and B. Olsen. This title arises through an action in the district court of Roger Mills county for foreclosure of certain tax liens against the property, J. Luther Taylor being a party to the action, which resulted in a judgment of foreclosure and a sheriff's sale of the property. B. Olsen was the purchaser at the sale, and later conveyed to Bliss, who conveyed to plaintiff. The sheriff's deed was dated January 6, 1928. The record shows that Taylor had been in continuous possession of the property for more than six years immediately preceding the filing of this action on January 22, 1929.

Defendant urges that, since plaintiff and his grantors had never been in possession of the property, they are without authority to maintain an action of this nature. The applicable statutes are sections 917, 918, and 919, O. S. 1931. Section 919 provides for the maintenance of an action of this nature, "in sales of real estate on executions, orders, or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made," and, "in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which complainant has the right of possession." It is noted that the statute specifically provides for the maintenance of an action of this nature in certain cases where the relation of landlord and tenant does not exist, such as in the instant case. This distinction is recognized and pointed out in the case of Clark v. Keith, 86 Okla. 156, 207 P. 87.

The judgment of foreclosure of tax liens evidently was granted under the authority of chapter 12, S. L. 1925, which was repealed by Senate Bill (chapter 37) S. L. 1927. The foreclosure action was pending at the time the act was repealed. On July 24, 1931, and subsequent to the filing of briefs in this case, chapter 12, S. L. 1925, was declared unconstitutional in toto. Casner v. Meriwether, 152 Okla. 246, 4 P. (2d) 19. See, also, Walker v. Stubblefield, 167 Okla. 50, 27 P. (2d) 1043, following Jones v. McGrath 160 Okla. 211, 16 P. (2d) 853, following Hanchett Bond Co. v. Morris, 143 Okla. 110, 287 P. 1025. This being a forcible detainer action the title cannot be litigated herein. In fact the question is not presented by the parties.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.