## JOHNSON et al. v. CONNAWAY.

No. 28510. Feb. 21, 1939.

Rehearing Denied March 14, 1939.

Application for Leave to File Second Petition for Rehearing Denied March 28, 1939.

H. A. Johnson, for plaintiffs in error.

J. F. Colson, for defendant in error.

CORN, J. This is an appeal by plaintiffs in error, defendants below, from a judgment rendered against them by the common pleas court of Oklahoma county in a forcible entry and detainer action. We shall refer to the parties as they appeared in the trial court.

The plaintiff brought suit in the justice of the peace court to recover possession of certain farm land, and judgment was rendered for plaintiff for possession. Defendants appealed to the common pleas court, where the case was tried to a jury. At the close of the evidence the trial court sustained plaintiff's demurrer to defendants' evidence, dismissed the jury and rendered judgment for plaintiff. Motion for new trial was overruled, and defendants appeal.

Eight specifications of error are assigned as grounds for reversal, and these are presented under two propositions. The first of these is the contention the trial court erred in overruling defendants' demurrer to plaintiff's evidence, for the reason this evidence did not prove facts sufficient to entitle plaintiff to recover judgment against the defendants. The argument in support of this is divided into two propositions: First, the evidence failed to show plaintiff had been in possession of the land; second, the alleged cause of action was barred by the two-year statute of limitations.

The evidence for plaintiff showed the land had been purchased by her December 10, 1928, from J. L. Young and wife, who executed a warranty deed, which plaintiff placed of record. Within 30 days thereafter, plaintiff's attorney in fact went upon the land, found no one living on the premises, posted "no trespassing" signs, and wired up a gate to complete the closure. Being unable to procure a tenant, plaintiff did not exercise close supervision of the premises, but upon finding defendants in possession in 1937, plaintiff served defendants with notice to quit. Upon defendants' refusal to vacate the premises, this action was brought.

Burrow testified he took a lease from Young February 4, 1936, moved onto the premises and farmed the land. Upon expiration of the lease, Young referred him to a Mrs. Pearce to whom Young claimed to have sold the land, and she referred him to H. A. Johnson, from whom he rented the land. On expiration of the lease from Young, Burrow testified he let defendant Johnson move onto the premises, but retained his interest in the premises and farmed the place.

Defendant Johnson testified he rented from Burrow and that he heard Burrow

rented it from Johnson. Young testified he had bought the land from the party who homesteaded it, and had exclusive possession of same until he sold it to Mrs. Pearce; that he had exclusive possession since 1928; that no one else had occupied premises since that time, and he had held possession until leased to Burrow; that he gave a quitclaim deed to Ruth Pearce in March, 1936. Young's adopted son testified he and his father had lived on the land and that his father had rented to Burrow.

The first question presented is whether plaintiff ever had possession of the land, since the decisions of this court declare the rule that the right to maintain this action is determined, not by plaintiff's right of possession, but by whether he has been in possession and whether possession, having been taken from him, is unlawfully withheld. Wilson v. Davis, 182 Okla. 435, 78 P.2d 279.

In 26 C. J. sec. 46, p. 819, the rule as to what constitutes actual possession is stated as follows:

"Generally speaking, the actual possession which is sufficient consists in exercising acts of dominion over the land in dispute and in making the ordinary use of it, and it may consist in, and be shown by, a great number and combination of acts, the character of which must necessarily vary with the situation of the parties, the character of the land, and the purpose to which it is adapted."

At page 821, section 51 of the same text, it is stated:

"* * * The owner is not bound to be continually on his land either in person or by agent, or to station his servants there to keep intruders away. An entry coupled with such acts of open and visible ownership as clearly indicate his intention to take and hold permanent possession under claim of right to exclusive possession will be sufficient to enable him to maintain this form of action to repel an unlawful intrusion." See Casey v. Kitchens, 66 Okla. 169, 168 P. 812, L. R. A. 1918B, 667.

Words and Phrases (First Series) vol. I, p. 167, says:

"Actual possession of real estate means such possession as is evidenced by fencing, cultivating, or other unmistakable acts of exclusive custody and control, and it is not necessary that there should be actual residence on the land. Van Buskirk v. Dunlap, 2 West. Law Month. (Ohio) 125, 129; Webber v. Clarke, 15 P. 431, 434, 74 Cal. 11."

In consideration of the foregoing, and in view of the evidence that plaintiff, by her attorney in fact, entered upon the premises, closed the fence and posted notices to trespassers, we conclude plaintiff sufficiently established possession of the premises so as to entitle her to maintain the action.

Defendants also urge the demurrer to plaintiff's evidence should have been sustained, the action being barred by section 99, O. S. 1931, 12 Okla. Stat. Ann. sec. 93. In this connection defendants state that: Plaintiff admitted her cause of action accrued in 1928; the evidence showed she did not obtain possession, her first effort being when this action was brought May 11, 1937. However, defendants offer no argument, nor do they cite any authority to sustain this contention.

However, it should be noted that the defendant Burrow claimed under a lease from J. L. Young, dated February 4, 1936. The testimony also showed the defendant Johnson entered upon the land and began to farm the premises in the spring of 1937. The original forcible entry and detainer action was filed May 11, 1937.

Having already decided plaintiff was rightfully in possession of the premises in question, there is no merit to the argument that plaintiff's action was barred by the statute of limitations, since it is obvious the plaintiff could not have brought an action in forcible entry and detainer until after the time of the defendants' entry and assumption of possession of the premises, and the time of beginning such action was less than two years after the defendants' entry.

We therefore conclude the action of the trial court in overruling defendants' demurrer to plaintiff's evidence was proper, and there was no error committed in the refusal to sustain the demurrer.

The final proposition offered by defendants is the contention the trial court erred in sustaining plaintiff's demurrer to the defendants' evidence. The argument offered is that there were questions of fact for the jury to consider: (1) As to whether plaintiff had ever been in possession of land; (2) whether J. L. Young had been in exclusive possession, by himself and through his tenants, continuously from 1928 until rented to Burrow; (3) whether defendants took possession immediately when Young moved, and whether they had exclusive possession until suit was filed.

The evidence offered by defendants en-

518

tirely failed to prove any defense to plaintiff's action, or that defendants had any right of possession as against the plaintiff. Further, the evidence showed defendants relied upon permission granted them to be upon the premises by one who had no title or right to the occupancy thereof.

The evidence is so clearly preponderant it reasonably admitted of but one conclusion, and the disposition of the case, therefore, became a question of law for the court. Rosser v. Texas Co., 173 Okla. 309, 48 P.2d 327. See, also, Jander v. McNeill, 169 Okla. 433, 43 P.2d 1022.

Judgment affirmed.

RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.