## CHARLEY v. HARSTON.

No. 30304. Feb. 10, 1942.

Rehearing Denied March 24, 1942.

*123 P. 2d 680.*

E. Moore, of Coalgate, for plaintiff in error.

G. T. Ralls, of Coalgate, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Coal county. John Charley was in possession of the real estate involved, as the tenant of the heirs of R. T. Breedlove, deceased, under an oral lease from month to month. In May, 1940, the property was offered for sale by the county at resale and sold to Margaret Harston, who received a deed and recorded it June 8, 1940. Thereafter she served notice upon Charley to vacate the property within 30 days from the date of the notice. When Charley refused to vacate, Harston served a notice upon him demanding that he vacate and surrender possession to her. When Charley refused to obey this notice, Harston filed a complaint in unlawful detainer in a justice of the peace court. Judgment was rendered for Harston for possession of the property and rent at the rate of $120 a year during the time possession was withheld. Charley appealed to the district court, and there the case was tried upon a stipulation of facts, which covered all of the things above recited and included this recital:

"Plaintiff in this case has never been in possession of the property at any time; and the relation of landlord and tenant does not exist between the plaintiff and defendant."

Upon trial of the matter in the district court judgment was rendered for Harston, and Charley prosecutes this appeal.

Charley argues two propositions: (1) Plaintiff was never in possession of this property; and (2) Charley is in possession under color of title; and contends that in either view of the matter plaintiff is not authorized to maintain unlawful detainer against him, but must prosecute other legal remedies. 21 C. J. 916; 19 Am. Jur. 519; Polson v. Parsons, 23 Okla. 778, 104 P. 336; Wilson v. Davis, 182 Okla. 435, 78 P. 2d 279, and other Oklahoma cases.

Harston contends that by virtue of sections 918, 919, O. S. 1931, 39 O.S.A. §§ 392, 393, and several Oklahoma cases, including Clark v. Keith, 86 Okla. 157, 207 P. 87; Nichols v. Stone, 174 Okla. 536, 50 P. 2d 1105; Zahn v. Obert, 24 Okla. 159, 103 P. 702, neither ground relied upon by Charley is tenable as a matter of law.

Harston bases her argument upon the cases just cited and contends that Nichols v. Stone, supra, is authority for the rule that a tax deed holder comes within the language of the sections of our statute cited as representing a title obtained on sales at "other judicial processes" and that by reason thereof she, as a tax deed holder, is entitled to maintain an action in forcible entry and detainer even though she has never been in possession of the property.

We do not agree with this contention. We are of the opinion that the title which is obtained by a purchaser at a tax sale or through a resale of taxes may be perfect, but such a purchaser does not acquire thereby the right to obtain possession of the property thus purchased by ousting a tenant, who is holding possession under a contract with the former owner, by forcible entry and detainer proceedings. Such a proceeding is not suited to determine the issue of title, and the use of such a proceeding by a tax deed purchaser deprives the person in possession of defenses which otherwise might be available in a civil action.

The judgment of the trial court is reversed and the cause is remanded, with directions to dismiss Harston's proceedings in forcible entry and unlawful detainer.

WELCH, C. J., and RILEY, OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and DAVISON, J., absent.