WARREN v. STANSBURY.

No. 30311. May 12, 1942.

*126 P. 2d 251.*

John Butler, of Fairview, for plaintiff in error.

E. H. Lookabaugh, of Watonga, for defendant in error.

HURST, J. This is an action by the plaintiff, Delish Warren, to quiet title to 40 acres of land in Blaine county. The trial court sustained a demurrer to the amended petition, and plaintiff elected to stand thereon and refused to further amend or plead. The trial court thereupon entered judgment dismissing the action, and plaintiff appeals.

In the amended petition plaintiff Warren alleges that he is the owner and in possession of the land; that on September 19, 1933, he went to the office of the county treasurer of Blaine county to pay his 1932 taxes, and was informed that no taxes were due on the land, and that he thereupon paid his personal taxes only, relying on the statement of the county treasurer or his deputy that he owed no taxes on the land; that thereafter, in September, 1934, he paid the 1933 taxes, and in November, 1934, he paid the 1934 taxes, and upon each occasion was advised that he owed no other taxes on the land; that on August 31, 1937, he as defendant was served with summons in an action brought by C. Plant to quiet title to the 40-acre tract; that he thereupon investigated the matter and found from the records that the land had been sold to Blaine county for the 1932 taxes; that a resale tax deed had been issued to the county on May 20, 1936; that on August 3, 1936, a county commissioner deed was issued to defendant Stansbury; that on August 7, 1937, Stansbury conveyed the land to C. Plant; that on April 18, 1938, under the allegations of the petition and the evidence in the action filed by C. Plant, the court rendered judgment for Plant, finding that Plant was the owner of the land; and that on August 24, 1937, Plant made, executed, and delivered to Stansbury a quitclaim deed to the land, which was recorded May 13, 1938; and that the judgment of Plant is void for the reason that Plant was not the owner of the land because of the deed to Stansbury, and that therefore Plant could not maintain the action. He prays that the deeds and all court proceedings under which Stansbury claims be set aside; that the title of plaintiff be adjudged valid and perfect, and that such title be quieted in him, and that defendants be barred and enjoined from setting up or asserting any title or claims adverse to him. Plant, in whose favor the judgment of April 18, 1938, was rendered, was not made a party to the present action, nor is it alleged that plaintiff Warren appeared and contested that action. The instant case was filed on March 20, 1940.

Plaintiff bases his right to set aside the resale tax deed to Blaine county and the subsequent deeds on Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544. If plaintiff had asserted his rights in the action brought by Plant, this argument would have been entitled to consideration. But in the present case we think it is made too late, and that consideration thereof is foreclosed by the judgment in the Plant Case.

Both parties have briefed the case on the theory that the attack on the Plant judgment is purely a collateral attack. We agree and will so treat it. It is not contended that the court in that action did not have jurisdiction of the parties or of the subject matter, or that the

judgment is void because of any defect apparent from an inspection of the judgment roll. The sole objection urged is that because the deed from Plant to Stansbury was made prior to the date Plant filed the action to quiet title, Plant was without capacity to maintain the action, and was not the real party in interest, and that the bringing of the action by Plant was a fraudulent imposition upon the court which rendered the judgment void and subject to collateral attack. He relies on Cochran v. Barkus, 112 Okla. 180, 240 P. 321, holding that a judgment obtained by extraneous fraud may be attacked collaterally, and Clark v. Holmes, 31 Okla. 164, 120 P. 642, and other cases holding that one who has no interest in real estate may not maintain an action to quiet the title thereto.

Assuming as correct that on demurrer to the petition all facts well pleaded are taken as true, does the fact of the execution and delivery of the deed by Plant to Stansbury prior to the bringing of the action by Plant establish conclusively that Plant had no interest in the land when the action was filed? We think not. Stansbury may have revested the title in Plant to enable Plant to maintain the action, or the parties may by contract have limited the effect of the execution and delivery of the deed, or the time when it should become operative as a conveyance. Upon collateral attack every presumption is in favor of the judgment attacked and every fact not negatived by the record is presumed in support of the judgment. Petroleum Auditors Ass'n v. Landis, 182 Okla. 297, 77 P. 2d 730; Yahola Oil Co. v. Causey, 181 Okla. 129, 72 P. 2d 817; 34 C. J. 537; 15 R. C. L. 875; 31 Am. Jur. 199; Freeman on Judgments (5th Ed.) § 383. Therefore, in the instant case we must presume that a sufficient showing was made in the Plant action to support the judgment quieting the title in Plant. Furthermore, a judgment may not be attacked collaterally because the plaintiff in whose favor it was rendered did not have the right to maintain the action. Kale v. Humphrey, 67 Okla. 197,

170 P. 223; Bunch v. United States (8th C.) 252 Fed. 673; 34 C. J. 559; Freeman on Judgments (5th Ed.) § 361; Black, Law of Judgments, § 264.

Plaintiff Warren was a party to the action brought by Plant, and in that action could have asserted every defense, and raised every question, upon which he now depends as establishing the invalidity of the deeds which he seeks to avoid in this action, for the reason that Plant's claim of ownership was predicated upon the same deeds which plaintiff now asserts were void. The alleged fraud which he now asserts as ground for the invalidity of that judgment did not prevent him from making such defenses. Nor do the facts stated in the amended petition justify the conclusion that the trial court was imposed upon. Therefore, the amended petition in the instant case does not allege facts showing extrinsic fraud.

Stansbury claims title from Plant and has the right to stand on the plea that the judgment in favor of Plant is not subject to collateral attack. Bunch v. United States, above.

Since the facts alleged in the petition show that the fraud, if any, was intrinsic, the petition fails to state a cause of action, and the demurrer was properly sustained.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.