WARREN v. STANSBURY.

No. 31736. June 19, 1945.

159 P. 2d 741.

A. O. Manning and C. B. Wood, both of Fairview, for plaintiff in error.

E. Blumhagen, of Watonga, for defendant in error.

HURST, V.C.J. The plaintiff, Troy Stansbury, sued the defendant, Delish Warren, in forcible entry and detention in the justice of the peace court to recover possession of the 40 acres of land that was involved in Warren v. Stansbury, 190 Okla. 544, 126 P. 2d 251.

The facts out of which the present controversy arose are as follows: The land was sold and conveyed to the county at a tax resale by deed executed May 20, 1936, and recorded June 11, 1936. On August 3, 1936, the land was conveyed to Troy Stansbury by a county deed. By a quitclaim deed dated August 7, 1937, Stansbury conveyed the land to C. Plant, who, soon thereafter, commenced case No. 6608 in the district court of Blaine county to quiet title to said land. Warren, the former owner, defaulted in that cause, and on April 18, 1938, default judgment was rendered against him adjudging that Plant was in possession of the property and quieting her title thereto as against all claims of Warren, who did not appeal from that judgment, but, on March 20, 1940, filed cause No. 7029 in the district court of Blaine county against Stansbury, to whom C. Plant had in the meantime reconveyed the land, to quiet title to

said land and to vacate the judgment in cause No. 6608. From a judgment sustaining Stansbury's demurrer to the petition in cause No. 7029 an appeal, without· supersedeas, was lodged in this court resulting in the decision in Warren v. Stansbury, above, affirming the judgment appealed from. The mandate in that case was filed in the district court on June 12, 1942. On September 11, 1942, this action was filed. It was appealed to the county court and then transferred to the district court for trial because the district judge was familiar with the ·issues to be heard by reason of the former actions, above referred to. The case was tried before a jury, but at the close of the evidence the court, without objection by the parties, discharged the jury and took the case under advisement, and thereafter rendered judgment in favor of Stansbury for possession of the property. From that judgment, Warren appealed.

Warren argues three propositions, but, under the view we take of the case, the only question that we need to pass upon is the contention of Warren that the action is barred by the statute of limitations, 12 O. S. 1941 § 93 (5), which is as follows:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no· time thereafter: . . .

"5. An action for the forcible entry · and detention, or forcible detention only, of real property, within two years."

The question is, When, under the evidence, did the cause of action in forcible entry and detention accrue to Stansbury? If it accrued more than two years prior to September 11, 1942, the action is barred.

Stansbury alleged in his bill of particulars that Warren made forcible and unlawful entry upon the land on or about May 1, 1942, after he was adjudged to be the owner by the district court and the Supreme Court, and that Warren has ever since forcibly and unlawfully detained same from him. He testified, however, that soon after the judgment of April 18, 1938, was rendered, or about June 1, 1938, he had a conversation with Warren, his testimony on this point being, in part, as follows:

"Q. What did he (Warren) say? A. He said, 'I want you to get off there and stay off, I am going to appeal that to the Supreme Court.' Q. And since that have you been off the property? A. I think I was, maybe on it one time, or two. Q. Who is in possession of the property now? A. He is. I think the gate is padlocked and I see ten or twelve cows over there; I guess he is in possession of it."

It is clear that, from the time of said conversation, Warren was in actual possession of the property, and there is no evidence reasonably tending to prove the contrary. Thus, Warren was in possession for more than two years prior to the commencement of this action.

Both parties are estopped by the judgment of April 18, 1938, from questioning the fact, found in said judgment, that on the date thereof C. Plank was in the actual lawful possession of said land. 30 Am. Jur. 920, 957; 34 C. J. 902, 984, 1014. After that judgment was rendered, the relation of landlord and tenant did not exist between Stansbury and Warren. Thereafter, the possession of Warren was wrongful and without the consent of the true owner.

The general rule is that a cause of action ordinarily accrues at the time when the plaintiff can first maintain his action to a successful result. See Von Schrader v. Board of Com'rs, 187 Okla. 527, 103 P. 2d 930, and authorities cited; 37 C. J. 810, 34 Am. Jur. 91, § 113.

It must be borne in mind that this is an action in "forcible entry and detention," not one in "forcible detention only." Both the entry and detention were wrongful. The unlawful detention began with the entry. The action, therefore, accrued at the time of the forcible

entry, for at that time Stansbury could have maintained his action to a successful result.

Stansbury argues that the statute of limitations was tolled by the pendency of cause No. 7029, but he cites no authority to support such contention. There are two reasons why this is not so, (1) that cause had for its purpose the vacation of the prior judgment and did not directly involve the possession, and (2) the judgment denying vacation was not superseded. Bank of Stockham v. Weins, 12 Okla. 502, 71 P. 1073; Jarecki Mfg. Co. v. Fleming, 179 Okla. 62, 64 P. 2d 659; 34 Am. Jur. 198, § 242, 21 A.L.R. 1054, 1056.

It follows that Stansbury's cause of action in forcible entry and detention accrued more than two years prior to the commencement of this action, and the same is barred by the statute of limitations, above.

Reversed, with directions to enter judgment for the defendant Warren.

GIBSON, C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. CORN, J., dissents.