BAKER v. LITTLE et ux.

No. 32268.    March 4, 1947.

177 P. 2d 1022.

H. P. White, of Pawhuska, for plaintiff in error.

W. Frank Nichols, of Barnsdall, for defendants in error.

CORN, J. Plaintiffs (Rowe Little and Luenda Little) brought this action in the justice court, July 10, 1944, against J. W. Baker, alleging ownership and right to immediate possession of N.W.¼ of N.W.¼ of section 28, township 24, range 11, in Osage county. The complaint alleged lawful entry by defendant, but unlawful detention of the premises; that defendant was in possession July 15, 1939, when plaintiffs purchased the property; that defendant had paid taxes thereon although plaintiffs requested him not to do so; that plaintiffs had requested possession but defendant refused to vacate; notice to quit had been served and prayed restitution of the premises.

Defendant filed a demurrer, which was overruled, and then filed his answer. The matter was tried to a jury and a verdict finding defendant guilty was returned. The judgment was for plaintiffs to have restitution of the premises, and plaintiffs to reimburse defendant in amount of $50 for taxes paid on the property.

From this verdict and judgment defendant appealed to the county court, and there presented the case upon written stipulation of the parties. This stipulation discloses the following facts: The land in question was originally allotted to one Leahy. He failed to pay taxes thereon, and November 2, 1936, the property was sold to Osage county for 1935 taxes. June 5, 1939, plaintiff's procured an assignment of the tax sales certificate, and July 7, 1939, commenced publication of notice of application for a tax deed.

March 9, 1933, Leahy gave one Bass a written lease on the premises for a

term of five years, and in December, 1936, Bass assigned this lease to defendant, who went into possession of the property. Shortly before expiration of plaintiffs' publication notice, defendant learned of plaintiffs' intention to apply for a tax deed, and August 4, 1939, defendant redeemed the property by paying taxes for 1935, 1936, and 1937, plus cost of publication. Thereafter, defendant paid taxes for years 1940-1943, inclusive. On August 14, 1939, the county treasurer refunded plaintiffs the amount paid for the tax certificate, plus the publication fee. About July 15, 1939, Leahy executed a quitclaim deed to plaintiffs, covering this property.

For reversal the defendant contends the statute of limitations had run against a forcible entry and detainer action. The plaintiffs say the statute of limitations is a special plea that must be pleaded, which defendant failed to do.

**Under our practice,** it is established that a petition or complaint which shows on its face that the cause of action is barred by the applicable statute of limitations is properly attacked by a general demurrer. Sartin v. Moran-Buckner Co. et al., 189 Okla. 178, 114 P. 2d 938; Nordman v. School Dist. No. 43, etc., 190 Okla. 135, 121 P. 2d 290. And, the question of limitation is properly raised under a general demurrer without specific reference to the statute. Weatherman v. Victor Gasoline Co., 191 Okla. 423, 130 P. 2d 527. Without further discussion or review of our decisions, we conclude the defendant's demurrer was sufficient to present to the trial court the question of the statute of limitations.

In Warren v. Stansbury, 195 Okla. 552, 159 P. 2d 741, we held:

"Actions in forcible entry and detention are barred by the statute of limitations unless commenced within two years of the accrual thereof."

Under the stipulation of facts in the matter before us, it is clear that plaintiffs could first have commenced their action July 15, 1939. The bill of particulars alleged defendant had wrongfully detained the property since July 15, 1939, the date plaintiffs allegedly purchased the property. The stipulation shows plaintiff has never been in actual physical possession; his deed, however, gave him constructive possession.

A cause of action ordinarily accrues at the time a plaintiff could first maintain an action to a successful result. Von Schrader v. Board of Com'rs, 187 Okla. 527, 103 P. 2d 930.

Our holding in Warren v. Stansbury, supra, is controlling here, since it is plain that plaintiff's action was not brought within the period prescribed by 12 O. S. 1941 § 93, subd. 5.

The judgment accordingly is reversed and the cause remanded, with directions to dismiss the action at plaintiffs' cost.

HURST, C.J., and RILEY, OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. DAVISON, V.C.J., and WELCH, J., concur in result.

WELCH, J. (concurring specially in result). I concur in the result of reversal, but think our decision should be based on the contention made that, under the existing facts, forcible entry and detainer would not lie. In addition to the facts deemed material by the majority, the stipulation of the parties expressly showed by their agreement that plaintiff was never in possession and the relation of landlord and tenant did not exist and had never existed between plaintiff and defendant. This was further shown by testimony of plaintiff, but, as stated, was expressly agreed in the stipulation. I think the result reached is correct, but that the opinion in assuming that forcible entry and detainer would lie is contrary to or overlooks our former decisions. See Link v. Schlegel, 33 Okla. 458, 126 P. 576; Gross v. Baker, 47 Okla. 361, 148 P. 734; Wilson v. Davis, 182 Okla. 435, 78 P. 2d 279; Charley v. Harston, 190 Okla. 367, 123 P. 2d 680, and Johnson v. Connaway, 184 Okla. 516, 88 P. 2d 338.