WARREN et al. v. STANSBURY.

No. 32924. Jan. 20, 1948.

Rehearing Denied Feb. 17, 1948.

*189 P. 2d 948.*

Ann Barb, of Oklahoma City, and C. B. Wood, of Fairview, for plaintiffs in error.

E. Blumhagen, of Watonga, for defendant in error.

WELCH, J. This is an action in ejectment instituted by Troy Stansbury against Delish Warren and Eliza Crosby Warren for possession and to quiet title to certain real estate.

The record reflects that the plaintiff received a county deed to the lands involved in 1936, following a tax resale. Thereafter plaintiff executed a quitclaim deed to the property to C. Plant. An action to quiet title was filed, and in April, 1938, a default judgment was entered against the defendant Delish Warren, the record owner of the land at the time of tax sale, adjudging that C. Plant was in possession of the property and quieting her title thereto. C. Plant reconveyed the land to the plaintiff. In March, 1940, the defendant Delish Warren commenced an action against the plaintiff, Stansbury, to quiet title to the land and to vacate the Plant judgment. A demurrer to the petition was sustained and on appeal the judgment was by this court affirmed. Warren v. Stansbury, 190 Okla. 554, 126 P. 2d 251. Thereafter plaintiff commenced an action in forcible entry and detainer against the defendant Delish Warren and recovered judgment. On appeal this court reversed the judgment upon finding that plaintiff's right to proceed in forcible entry and detainer was barred by the statute of limitations. Warren v. Stansbury, 195 Okla. 552, 159 P. 2d 741. After mandate of this court had issued in the last mentioned case, the plaintiff filed the instant case. Judgment was rendered in favor of the plaintiff quieting title to the land and for possession of the premises. Defendants appeal.

Defendants contend that plaintiff's former action in forcible entry and de-

tainer is a bar to his action in ejectment. Reliance is placed both upon the doctrine of election of remedies, and on the rule of res adjudicata. It is argued that, since both actions are possessory actions and either mode of procedure was available, plaintiff having elected to pursue one remedy, the one adopted excludes the other. Several cases are cited from this jurisdiction with holdings to the effect that a party having chosen between two or more different and co-existing modes of procedure, the election operated as a bar to the subsequent adoption of any other. In each of these cases it 'is pointed out that the remedies available were inconsistent and involved proceedings on opposite and irreconcilable claims of right. Such is not the situation herein and the cited cases have no application.

The following rules stated in 18 Am. Jur. Election of Remedies, beginning at paragraph 11, are here applicable:

"The doctrine of election of remedies is applicable only where there are two or more coexistent remedies available to the litigant at the time of the election which are repugnant and inconsistent. . . .

"It is well settled that the rule of conclusive election of remedies does not apply where the available remedies are cumulative and consistent."

The same text in reference to the test of inconsistency states:

"It has been said that the so-called 'inconsistency of remedies' is not in reality an inconsistency between remedies themselves, but must be taken to mean that a certain state of facts relied on as the basis of a certain remedy is inconsistent with, and repugnant to another state of facts relied on as the basis of another remedy . . .

"Two modes of redress are inconsistent if the assertions of one involves the negation or repudiation of the other, as where one of them admits a state of facts and the other denies the same facts . . . "

As a basis for the relief sought herein plaintiff asserted title carrying as an element of ownership a right of possession. In the former action in forcible entry and detainer plaintiff alleged ownership and that the defendant had made forcible entry and was unlawfully detaining possession of the premises. Whether or not both remedies were available to the plaintiff at the time he chose to proceed with an action in forcible entry and detainer, it does not appear that the facts relied upon in that action and in the instant action are inconsistent and the rule of conclusive election of remedies has no application.

Although forcible entry and detainer and ejectment are both possessory actions, the causes of action are not the same. Ejectment may be maintained on proof of title carrying as an element of ownership a right of possession and enjoyment. Forcible entry and unlawful detainer is a summary action specifically designed to oust a holdover tenant or trespasser, and to apply only to the situations covered by the statute. 39 O.S. 1941 §§391-2-3.

In an action in forcible entry and detainer, the sole question involved and the only issue that can be determined is the right of possession, and the question of title or the right of title cannot be determined in such actions. Montgomery v. Hill, 80 Okla. 230, 195 P. 897, and Coddington v. Andrews, 179 Okla. 63, 64 P. 2d 666.

Recognizing the character and limitation of the issues that can be determined in such action, the Legislature expressly provided that judgments in actions in forcible entry and detainer shall not be a bar to any other action brought by either party. Zahn v. Obert, 24 Okla. 159, 103 P. 702.

39 O. S. 1941 §394, chap. 13, Forcible Entry and Detainer, provides:

"Judgments, either before a justice or in the district court, in actions brought under this article, shall not be a bar to any other action brought by either party."

Thus, by reason of statute, the rule of res judicata could have no application herein.

The judgment is affirmed.