Lewis MOYER, Plaintiff in Error,

v.

Bessie L. COLYER, Intervenor, Defendant in Error.

No. 36011.

Supreme Court of Oklahoma.

May 10, 1955.

Wilson & Wilson, Fredrick, for plaintiff in error.

Roe & Roe, Fredrick, for intervenor, defendant in error.

DAVISON, Justice.

The matters which provided the basis of this litigation resulting in this appeal are summarized briefly as follows: January 3, 1950, defendant, R. E. Inklebarger, than a resident of Clay County, Texas, borrowed $730.90 from a bank in Grandfield, Oklahoma. Intervenor (defendant's sister) and one Parris were sureties upon the note, which was secured by a chattel mortgage upon personal property, including a 1946 model Ford Truck, the subject matter of this action. This mortgage was recorded in the county of defendant's then residence in Texas (January 7, 1950), but was never recorded in Oklahoma. About one year prior to this action defendant moved to Grandfield, Oklahoma, where he lived while conducting a trucking business. Defendant defaulted in payment of the note and his sureties were called upon to discharge the debt, and Parris paid the entire debt. The note and mortgage were left in possession of the bank for the bank to try to make collection for and on behalf of the sureties. Intervenor thereafter paid Parris half the amount, and he gave the entire claim to her.

On May 14, 1952 while defendant was confined in jail in Lawton, Oklahoma, intervenor visited him and asked that he assign the truck title to her so that she might sell it. Defendant later assigned the title certificate in blank and gave same, together with the truck keys to his wife, who delivered these items to the intervenor. Intervenor immediately took possession of the truck and left it with a used car dealer to find a buyer. Two days later intervenor moved the truck to her farm in the vicinity of Grandfield, Oklahoma, where she put side boards on it for better use for the on-coming harvest, in the event she was unable to sell it.

On May 20, 1952, plaintiff sued defendant for debt ($280.00) alleged to be due, owing and unpaid by reason of goods sold and delivered. Affidavit for attachment, undertaking for order of attachment and an attachment order were executed, and summons served on defendant. The sheriff's return on the attachment order disclosed that on May 21, 1952, he attached his truck, and held possession thereof.

June 5, 1952, intervenor interpleaded, claiming a special interest in the truck by reason of having paid defendant's debt, secured by the mortgage, claiming thus to be the owner of the note and mortgage, and by reason of her actual possession of the truck which possession had been in her for a period of several days before the filing of plaintiff's action. By reason of this special ownership she asked that the attachment be discharged and the truck returned to her possession.

Plaintiff answered by general denial of intervenor's plea, and specific denial of her claim to an interest in the property; actual or constructive notice of the mortgage, which was unrecorded in this state; that neither he nor the sheriff had knowledge of her claim of interest prior to the execution of the attachment; superior to intervenor's pretended interest.

Default judgment was rendered for plaintiff against defendant and the evidence on behalf of the intervenor and plaintiff were presented on the above issues.

The pertinent part of intervenor's evidence was as outlined in the above narrative statement of facts, showing that she had actual voluntary possession of the truck at and before the time of the filing of the attachment suit, and after having

paid off the note in question to the bank. The question of payment to the bank was corroborated by an officer of the bank. The bank official testified that the bank, after payment by the sureties, kept the note for the purpose of aiding the sureties in collection of same. That the written assignment of the note and mortgage had not been executed until after the attachment had been made.

Plaintiff's evidence went toward showing he was without knowledge of intervenor's claim, particularly in view of his having searched the records in several counties prior to filing suit; he knew the truck was at defendant's home in Grandfield, the first he knew of intervenor's claim in the property was after the sheriff made the attachment. The sheriff also testified that he knew nothing about intervenor's claim to the property until immediately after making the attachment. The sheriff testified that he attached the property at the premises of defendant's wife in the town of Grandfield.

The evidence on behalf of intervenor on the question of possession of the truck at the time of the attachment showed conclusively and without any doubt, that she had been in actual possession of the truck and that the truck had been in her possession at her farm home out from Grandfield, and that it had been brought to town and to the home of defendant's wife for the only purpose of showing it to a prospective buyer, who had requested that it be brought to town. This alleged prospective buyer was a friend of plaintiff and on the cross examination of this witness and also of the plaintiff it became definitely apparent that they both knew that the truck was in the possession of intervenor and that the request that the car be brought into town was purely a ruse and decoy to get the truck at defendant's house for attachment purposes. At the time the attachment was made by the sheriff the intervenor had just left the truck for the alleged prospective buyer to inspect while she went to the bank.

Following close of the testimony each side demurred to the evidence of the opposing party, and both sides also moved for an instructed verdict. At this point the trial court simply announced that judgment was rendered for intervenor by directed verdict and discharged the jury from the case. Judgment was rendered holding that intervenor's lien was superior to plaintiff's rights upon the grounds that she had received title to the property prior to the attachment.

The assignments of error upon which the appeal is predicated are presented under six propositions. In view of the matters disclosed by this record it is unnecessary to discuss any questions other than such as are noted hereafter.

Plaintiff's first proposition for reversal is that "the court's finding and judgment that interpleader's lien was superior to plaintiff's attachment lien for the reason that interpleader had received title to the truck from Inklebarger is contrary to the evidence."

Plaintiff's brief states that "the lower court based its decision on the theory that interpleader had actual title to the truck in question. This is especially surprising when we note that the interpleader herself made no such claim and did not through her attorneys plead title when she intervened in the action."

It is true that intervenor did not allege or rely on title to the truck. Her intervention was based on the fact that she was an equitable mortgagee in possession and that her rights were superior to those of plaintiff who was a creditor and whose attachment was inferior to her claim because of her rights and possession existing before the attachment lien came into existence.

It is therefore obvious that when the trial court, as a part of its findings, found that intervenor had title to the truck it simply meant that intervenor's claim was superior to plaintiff's.

It is next contended that under the evidence interpleader had no lien superior to plaintiff's, under any theory of law.

Under this contention we must scrutinize the statute, and the general law applicable to the facts in the present case.

The particular statute involved is 46 O.S. 1951, § 57. The pertinent part to be herein considered reads as follows:

"A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and encumbrancers of the property, for value, unless the original, or a certified copy thereof, be filed by depositing the same in the office of the County Clerk of each County where the property mortgaged, or any part thereof, is at such time situated * * *."

Under this statute we must first consider the rights of a creditor such as plaintiff herein, against an unrecorded chattel mortgage. Under the great weight of authority the rights of a creditor are not superior to those of the holder of an unrecorded mortgage until such time as the creditor has acquired a lien by attachment or otherwise. An excellent discussion on this point is found in the case of Barber v. Reina Nash Motor Company, 72 Wyo. 65, 260 P.2d 928. Also see, 14 C.J.S., Chattel Mortgages, § 192, page 802. This court has had occasion to pass on this question in the case of Frick Co. v. Oats, 20 Okl. 473, 94 P. 682, where we held that a mortgagee who had not filed his mortgage with the County Clerk, but had obtained lawful possession of the mortgaged property before the lien of an execution creditor had attached, the mortgagee would have priority over the execution creditor. Also see, Cameron, Hull & Co. v. Marvin, 26 Kan. 612.

With these rules of law and decisions we must conclude that in the present case had the bank (mortgagee) obtained lawful possession of the truck before the attachment lien became effective, the mortgage of the bank, in lawful possession of the property, would be superior to the claim of the plaintiff. This is so because the possession of the bank would be constructive notice to plaintiff, even though the mortgage was unrecorded and even though the plaintiff did not have actual notice of the banks possession of the truck.

Since we have seen the rights of the bank we must look to the rights of the sureties on the note in question. The sureties paid the note after maturity and left the note and mortgage in the custody of the bank with the thought that the bank might have a better chance of making collection for the sureties than the sureties themselves. After payment of the note the bank simply held possession of the note and mortgage in trust for the sureties. What rights did the sureties have upon payment of the note in question? As a general rule where a bill or note has been paid by a party who is only secondarily liable, the paying party will be subrogated to all rights and remedies which were available to the holder or owner of the instrument in order to obtain payment thereof. 83 C.J.S. Subrogation, § 23, page 621; 50 Am.Jur. sec. 221, page 1049.

With reference to the last above discussion the question then arises as to whether or not the intervenor who had obtained the same rights that the bank had was in actual lawful possession of the truck before the attachment lien became effective. If intervenor was not in such possession of the truck her claim must fail. But if she was in such possession before the attachment lien became effective her claim is superior to that of plaintiff. The question is then one of lawful possession of the truck by intervenor. If she had such possession it would not make any difference whether the plaintiff knew of the unrecorded mortgage or not. Such possession in her would be constructive notice to plaintiff of the prior unrecorded mortgage.

The evidence is conclusive that actual lawful possession of the truck had been in the intervenor since May 16. For at least two days before the filing of the attachment suit the truck had been in the possession of intervenor at her farm home. It was only brought into the home of defendant for the purpose of showing it to an alleged purchaser at the request of the alleged purchaser (the friend plaintiff brought with him) who testified he did not intend to buy the truck at the time he made the request that the truck be brought into town. This evidence is undisputed.

819

Was the trial court then in error in directing the verdict in favor of the intervenor? We think it was the only thing the trial court could have done under all of the evidence in the case. Disposition of a case becomes a question of law for the court where evidence is so clearly preponderant that it reasonably admits of but one conclusion. Johnson v. Connaway, 184 Okl. 516, 88 P.2d 338.

The rights of the intervenor are superior to those of plaintiff.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.